FILED
2016 Sep-08  AM 10:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

POLLY DIANE TRANTHAN, and    )
LAURA ANN WILLIAMS,    )
       )
     Plaintiffs,    )
       )    CIVIL ACTION NO.:
vs.    )
       )
SCOOPER, INC. d/b/a LONG LEAF )
LODGE, and JAMES L. COXWELL, )
       )
     Defendants.    )

---

## COMPLAINT

---

### JURISDICTION AND VENUE

1.    This is a suit to obtain relief for gender discrimination, race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, as well as for race discrimination and retaliation in violation of 42 U.S.C. §1981.   The Plaintiffs seek to recover under Alabama tort law as well.

2.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4) and 28 U.S.C. §§ 2201 and 2202.

3.    Venue is proper in that the alleged acts occurred in Calhoun County,

1

Alabama.

## PARTIES

4.  Plaintiff Polly Diane Trantham is a white, female resident of Calhoun County, Alabama who is over the age of 19.

5.  Plaintiff Laura Ann Williams is an African-American, female resident of Calhoun County, Alabama who is over the age of 19.

6.  Defendant Socoper, Inc. d/b/a Long Leaf Lodge (Socoper) is a Georgia corporation that during the events relevant to this action did business in Calhoun County, Alabama.

7.  Defendant Socoper was Ms. Trantham's employer.

8.  Defendant Socoper was Ms. Williams employer.

9.  Defendant Socoper is an employer for purposes of Title VII of the Civil Rights Act of 1964, as amended.

10. Defendant James L. Cowell is a white, male over the age of 19 and a resident of the State of Georgia.

11. Defendant James L. Coxwell is the CEO, CFO and Secretary for Defendant Socoper.

2

## ADMINISTRATIVE REMEDIES

12.  On October 1, 2015, Ms. Trantham filed a Charge of Discrimination against Defendant Socoper.   (Charge No.846-2015-33184). (Exhibit 1).

13.  Ms. Trantham filed an Amended Charge of Discrimination on October 21, 2015.   (Exhibit 2).

14.  On June 13, 2016, EEOC issued a Notice of Right to Sue with respect to Charge 846-215-33184. (Exhibit 3).

15.  Ms. Trantham initiated this action within 90 days of June 13, 2016.

16.  On October 16, 2015, Ms. Williams filed a Charge of Discrimination against Defendant Socoper.   (Charge No. 420-2015-02827). (Exhibit 4).

17.  On June 13, 2016, EEOC issued a Notice of Right to Sue with respect to Charge 420-2015-02827. (Exhibit 5).

18.  All conditions precedent to the institution of this lawsuit have been fulfilled.

### COUNT I
### TITLE VII
### RETALIATION
(Polly Trantham)

19.  This is a claim against Defendant Socoper arising under Title VII of the Civil Rights Act of 1964, as amended, prohibiting retaliation in the

workplace

20. Socoper hired Ms. Trantham to work as the Bookkeeper for Long Leaf Lodge in January 2013.

21. Socoper later assigned her manager duties for Long Leaf Lodge.

22. Ms. Trantham's last rate of pay was $14.75 an hour.

23. Ms. Trantham worked approximately 50 hours a week.

24. Ms. Trantham's supervisor was the owner of Long Leaf Lodge, Defendant James L. Coxwell.

25. Defendant Coxwell made sexually offensive statements to Ms. Trantham, pursued her sexually, and exposed his genitals to her.

26. Ms. Trantham opposed his conduct.

27. Defendant Coxwell used racial slurs in the workplace on a regular basis.

28. Defendant Coxwell made racial slurs about an African-American Housekeeper Supervisor.

29. Defendant Coxwell referred to African-American employees as stupid and ignorant.

30. Defendant Coxwell told Ms. Trantham that when he sold insurance in the African-American section of town, he would accept sexual favors from black girls when their parents could not pay their insurance premiums he

was collecting.

31. Defendant Coxwell commented that one of the African-American female's skin tone was so light, she could pass for white, and he would like to see her in a bathing suit.

32. Mr. Coxwell and another white employee referred to the housekeeping staff as "lying black bitches."

33. Ms. Trantham opposed Defendant Coxwell's racist comments.

34. Ms. Trantham wanted to discipline the white employee for the racist remark.

35. Defendant Coxwell would not allow Ms. Trantham to discipline the white employee for making a racist remark.

36. Ms. Trantham complained to Defendant Coxwell that the way he spoke about and to African-American employees was illegal and would result in the lodge being sued.

37. In June 2015, Defendant Coxwell instructed Ms. Williams to discharge an African-American employee so that he could hire his daughter.

38. Ms. Trantham held a good faith belief Mr. Coxwell's directive was racially discriminatory.

39. Ms. Trantham refused Defendant Coxwell's direction to terminate the African-American employee.

5

40.   Defendant Coxwell responded that Ms. Trantham was not going to place more value on a "nigger."

41.   Defendant Socoper issued a verbal warning to Ms. Trantham about hiring African-Americans.

42.   Defendant Coxwell told Ms. Trantham that she was not going to turn the Long Leaf Lodge into a "ghetto lodge," and he was tired of her hiring "hood rats."

43.   Defendant Coxwell made frequent sexual remarks and overtures to Ms. Trantham.

44.   Ms. Trantham refused and opposed Defendant Coxwell's sexual remarks and overtures.

45.   Defendant Socoper terminated Ms. Trantham's employment July 6, 2015.

46.   Upon information and belief, Defendant Coxwell made the decision to terminate Ms. Trantham's employment.

47.   Defendant Socoper terminated Ms. Trantham for opposing employment practices made unlawful by Title VII of the Civil Rights Act of 1964, as amended.

48.   Ms. Trantham filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 1, 2015.

49.   After Ms. Trantham filed her EEOC Charge, Socoper acted in a retaliatory manner toward her.

50.   Socoper's retaliatory behavior that followed Ms. Trantham filing her EEOC charge included, but was not limited to, making derogatory and false statements about her, providing negative employment references on her, contacting prospective employers to give a negative reference on Ms. Trantham, engaging in threatening communications to her, and writing her name on a skull Defendant Coxwell kept in his office.

51.   Defendant Socoper retaliated against Ms. Trantham.

52.   Defendant Socoper's retaliatory conduct injured Ms. Trantham.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff Trantham respectfully requests the entry of judgment under Title VII, as amended, against Defendant Socoper pursuant to an Order awarding:

a.   compensatory damages to be determined by the trier of fact;

b.   punitive damages to be determined by the trier of fact;

c.   nominal damages to be determined by the trier of fact;

d.   injunctive relief, including backpay and pre-judgment interest;

e.   that relief which is fair, just, and equitable under the circumstances of this case;

7

f.    reasonable attorney's fees; and

g.    the costs of this suit.

## COUNT II
## 42 U.S.C. §1981
## RETALIATION
(Polly Trantham)

53.    This is a claim against Defendant Socoper and Defendant Coxwell arising

under 42 U.S.C. §1981.

54.    Ms. Trantham adopts and incorporates by reference the facts alleged above

in support of this Count.

55.    Defendant Coxwell used racial slurs in the workplace on a regular basis.

56.    Ms. Trantham complained to Defendant Coxwell that the way he spoke

about and to African-American employees was illegal and would result in

the lodge being sued.

57.    Defendant Coxwell would not allow Ms. Trantham to discipline a white

employee who referred to African-Americans as "coons."

58.    In June 2015, Defendant Coxwell instructed Ms. Williams to discharge an

Gereka Ford, an African-American employee, so he could hire his daughter.

59.    Ms. Trantham held a good faith belief Mr. Coxwell's directive was racially

discriminatory.

60. Ms. Trantham refused Defendant Coxwell's direction to terminate the African-American employee.

61. Defendant Coxwell responded that Ms. Trantham was not going to place more value on a "nigger."

62. Defendant Socoper issued a verbal warning to Ms. Trantham about hiring African-Americans.

63. Defendant Coxwell told Ms. Trantham that she was not going to turn the Long Leaf Lodge into a "ghetto lodge," and he was tired of her hiring "hood rats."

64. Defendant Socoper and Defendant Coxwell terminated Ms. Trantham's employment July 6, 2015.

65. Defendant Coxwell told Ms. Trantham the reason for her termination as that it was "not working out."

66. Defendants terminated Ms. Trantham for opposing racially discriminatory employment practices.

67. Ms. Trantham filed a Charge of Discrimination with EEOC on October 1, 2015.

68. After Ms. Trantham filed her EEOC Charge, Defendants Socoper and

Coxwell acted in a retaliatory manner toward her.

69. Socoper's retaliatory behavior that followed Ms. Trantham filing her EEOC charge included, but was not limited to, making derogatory and false statements about her, engaging in threatening communications to her, and writing her name on a skull Defendant Coxwell kept in his office.

70. Defendants retaliated against Ms. Trantham.

71. Defendants' retaliatory conduct injured Ms. Trantham.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff Trantham respectfully requests the entry of judgment under 42 U.S.C. §1981, against Defendant Socoper and Defendant Coxwell pursuant to an Order awarding:

a.   compensatory damages to be determined by the trier of fact;

b.   punitive damages to be determined by the trier of fact;

c.   nominal damages to be determined by the trier of fact;

d.   injunctive relief, including backpay and pre-judgment interest;

e.   that relief which is fair, just, and equitable under the circumstances of this case;

f.   reasonable attorney's fees; and

g.   the costs of this suit

## COUNT III

10

## TITLE VII
## SEXUAL HARASSMENT
(Polly Trantham)

72. Ms. Trantham adopts and incorporates by reference the facts alleged above in support of this Count.

73. Defendant Coxwell subjecting Ms. Trantham to offensive and unwanted sexual overtures.

74. Ms. Trantham objected to and refused these overtures.

75. Defendant Coxwell made frequent comments to Ms. Trantham about his sexual desire and views toward other women.

76. Defendant Coxwell's sexual comments offended and embarrassed Ms. Trantham.

77. Defendant Coxwell said he was going through a divorce and was tired of going without.

78. While in the workplace at Long Leaf Lodge, Defendant Coxwell made inquiries into Ms. Trantham's sex life as well as made sexual advances.

79. Defendant Coxwell told Ms. Trantham it would be in her best interest if she would go out with him.

80. Defendant Coxwell's inquiries and advances offended and frightened Ms. Trantham.

11

81.  He regularly made unwanted sexual remarks to her in the workplace.

82.  On one occasion, Defendant Coxwell told Ms. Trantham that "a good sport fucking" would get her over the death of her husband.

83.  Defendant Coxwell's comment hurt Ms. Trantham.

84.  Ms. Trantham opposed his comment.

85.  On another occasion, when Ms. Trantham was in the supply room, Defendant Coxwell approached her.

86.  Defendant Coxwell had his pants down.

87.  Defendant Coxwell exposed his penis to Ms. Trantham.

88.  Defendant Coxwell's conduct frightened and offended Ms. Trantham.

89.  Ms. Trantham immediately left work after Defendant Coxwell exposed himself to her.

90.  When Ms. Trantham returned to work, she told Defendant Coxwell she could not go along with his behavior.

91.  Defendant Coxwell's actions toward Ms. Trantham were taken while he was acting in his role as her supervisor and owner of Defendant Socoper.

92.  Defendant Coxwell terminated Ms. Trantham's employment.

93.  Defendant Socoper is liable for sexual harassment.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff Trantham

12

respectfully requests the entry of a judgment against Defendant Socoper pursuant to an order awarding:

a.      Compensatory damages to be determined by the trier of fact;

b.      Punitive damages to be determined by the trier of fact;

c.      Injunctive relief, including backpay and pre-judgment interest;

d.      That relief which is fair, just and equitable under the circumstances of the case; and

e.      The costs of this suit.

COUNT IV
INVASION OF PRIVACY
(Polly Trantham)

94.    Plaintiff adopts and incorporates the facts set out above in support of this count.

95.    Defendant Coxwell and Defendant Socoper invaded Ms. Trantham's privacy by subjecting her to offensive and unwanted sexual overtures and gathering and keeping personal and private information about her.

96.    Defendant Coxwell made frequent comments to Ms. Trantham about his sexual desire and views toward other women.

97.    Defendant Coxwell's sexual comments offended and embarrassed Ms.

Trantham.

98.   While in the workplace at Long Leaf Lodge, Defendant Coxwell made inquiries into Ms. Trantham's sex life as well as made sexual advances.

99.   Defendant Coxwell's inquiries and advances offended and frightened Ms. Trantham.

100.  Defendant Coxwell's sexual pursuit of Ms. Trantham became aggressive.

101.  He regularly made unwanted sexual remarks to her in the workplace.

102.  On one occasion, Defendant Coxwell told Ms. Trantham that "a good sport fucking" would get her over the death of her husband.

103.  Defendant Coxwell's comment hurt Ms. Trantham.

104.  On another occasion, when Ms. Trantham was in the supply room, Defendant Coxwell approached her.

105.  Defendant Coxwell had his pants down.

106.  Defendant Coxwell exposed his penis to Ms. Trantham.

107.  Defendant Coxwell's conduct frightened and offended Ms. Trantham.

108.  Ms. Trantham immediately left work after Defendant Coxwell exposed himself to her.

109.  When Ms. Trantham returned to work, she told Defendant Coxwell she could not go along with his behavior and asked that he allow her time to

find another job.

110.   Defendant Coxwell's actions toward Ms. Trantham were taken while he was acting in his role as her supervisor and owner of Defendant Socoper.

111.   Defendant Coxwell and/or another agent or employee of Socoper gathered and retained personal and private information about Ms. Trantham, including, but not limited to, the ambulance bill from the night Ms. Trantham's husband died, financial statement from the business Ms. Trantham operated with her husband, her mortgage, her income tax returns, her life insurance papers, and her dental insurance papers.

112.   Defendant Socoper ratified and permitted Defendant Coxwell's conduct.

113.   Defendant Socoper is liable for the conduct of Defendant Coxwell.

114.   Defendant Coxwell and Defendant Socoper injured Ms. Trantham.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff Trantham respectfully requests the entry of a judgment against Defendants Socoper and Coxwell pursuant to an order awarding:

a.   Compensatory damages to be determined by the trier of fact;

b.   Punitive damages to be determined by the trier of fact;

c.   Injunctive relief;

d.   That relief which is fair, just and equitable under the circumstances of

15

the case; and

e.    The costs of this suit.

## COUNT V
## OUTRAGE
(Polly Trantham)

115.   Plaintiff Trantham adopts and incorporates the facts set out above in support

of this count.

116.   Defendant Coxwell and Defendant Socoper acted intentionally to inflict

emotional distress on Ms. Trantham.

117.   Defendant Coxwell made frequent graphic comments to Ms. Trantham

about his sexual desire and views toward other women.

118.   Defendant Coxwell's sexual comments offended and embarrassed Ms.

Trantham.

119.   While in the workplace at Long Leaf Lodge, Defendant Coxwell made

inquiries into Ms. Trantham's sex life as well as sexual advances.

120.   Defendant Coxwell's inquiries and advances offended and frightened Ms.

Trantham.

121.   Defendant Coxwell's sexual pursuit of Ms. Trantham became aggressive.

122.   He regularly made unwanted sexual remarks to her in the workplace.

16

123. On one occasion, Defendant Coxwell told Ms. Trantham that "a good sport fucking" would get her over the death of her husband.

124. Defendant Coxwell's comment hurt Ms. Trantham.

125. On another occasion, when Ms. Trantham was in the supply room, Defendant Coxwell approached her.

126. Defendant Coxwell had his pants down.

127. Defendant Coxwell exposed his penis to Ms. Trantham.

128. Defendant Coxwell's conduct frightened and offended Ms. Trantham.

129. Ms. Trantham immediately left work after Defendant Coxwell exposed himself to her.

130. When Ms. Trantham returned to work, she told Defendant Coxwell she could not go along with his behavior.

131. Defendant Coxwell's actions toward Ms. Trantham were taken while he was acting in his role as her supervisor and owner of Defendant Socoper.

132. Defendant Socoper ratified and permitted Defendant Coxwell's conduct.

133. Defendant Socoper is liable for the conduct of Defendant Coxwell.

134. Defendant Coxwell and Defendant Socoper injured Ms. Trantham.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Trantham requests the entry of a judgment against Defendants Socoper and Coxwell pursuant to an

order awarding:

    a.      Compensatory damages to be determined by the trier of fact;

    b.      Punitive damages to be determined by the trier of fact;

    c.      Injunctive relief;

    d.      That relief which is fair, just and equitable under the circumstances of the case; and

    e.      The costs of this suit

## COUNT VI
### NEGLIGENT/WANTON SUPERVISION, TRAINING, AND RETENTION
(Polly Trantham)

135. Plaintiff Trantham adopts and realleges the paragraphs above as if fully set forth in full herein.

136. Defndant Socoper had a duty to provide a reasonably safe, non-hostile and non-discriminatory work environment to Plaintiff Trantham.

137. Defendant Socoper knew, or should have known, of the conduct of Defendant Coxwell.

138. Defendant Socoper negligently supervised, trained and/or retained Defendant Coxwell.

139. Defendant Socoper maliciously, deliberately, wantonly and/or negligently

retained employees, such as Defendant Coxwell, engaged in illegal conduct, including, but not limited to, Defendant Coxwell.

140. Defendant failed to protect employees, such as Plaintiff Trantham, from the illegal treatment described in this Complaint.

141. As a result of Defendant Socoper's action and inaction, Ms. Trantham was injured.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff Trantham respectfully requests the entry of a judgment against Defendants Socoper pursuant to an order awarding:

    a.    Compensatory damages to be determined by the trier of fact;

    b.    Punitive damages to be determined by the trier of fact;

    c.    Injunctive relief;

    d.    That relief which is fair, just and equitable under the circumstances of the case; and

    e.    The costs of this suit

## COUNT VII
## TITLE VII
## RACE DISCRIMINATION
(Laura Williams)

142. Plaintiff Williams adopts and incorporates the facts set out above in support

of this count.

143.  This is a claim against Defendant Socoper arising under Title VII of the Civil Rights Act of 1964, as amended, prohibiting race discrimination in the workplace

144.  Socoper hired Ms. Williams in 2014.

145.  At no point during her employment did Ms. Williams receive an employee handbook from Defendant Socoper.

146.  Ms. Williams worked in housekeeping.

147.  Ms. Williams earned $8.50 an hour.

148.  Defendant James L. Coxwell made racially derogatory statements about African-American employees, including Ms. Williams.

149.  Defendant Coxwell referred to Ms. Williams and other African-American employees as "thieving ass black bitches."

150.  Defendant Coxwell commented he wanted all white employees at the Long Leaf Lodge because black people made the lodge look bad.

151.  Ms. Williams heard Defendant Coxwell wanted all of the African-American employees discharged.

152.  Plaintiff Williams regularly wore her hair as blonde.

153.  On or about July 10, 2015, Defendant Coxwell encouraged Plaintiff to

20

appear white by wearing her hair blonde and telling her she needed to look like a white woman every day at the Lodge.

154. Defendant Coxwell told Ms. Williams that she needed to wear blonde hair so she could think straight.

155. Defendant Coxwell told Plaintiff Williams that she needed to put her blonde hair back on because she looked stupid without it.

156. Defendant Coxwell made the decision to terminate Ms. Williams.

157. Ms. Williams' employment was terminated through a memo from James Coxwell dated July 24, 2015.

158. The termination memo stated Ms. Williams was being terminated in accordance with Employee Handbook Section 4-02, Employment Termination.

159. Ms. Williams had never received an employee handbook, so she did not know what was contained in that section.

160. Defendant Socoper discriminated against Ms. Williams based on her race, African-American.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff Williams respectfully requests the entry of judgment under Title VII, as amended, against Defendant Socoper pursuant to an Order awarding:

a.    compensatory damages to be determined by the trier of fact;

h.    punitive damages to be determined by the trier of fact;

i.    nominal damages to be determined by the trier of fact;

j.    injunctive relief, including backpay and pre-judgment interest;

k.    that relief which is fair, just, and equitable under the circumstances of this case;

l.    reasonable attorney's fees; and

m.    the costs of this suit.

<u>COUNT VIII</u>
<u>42 U.S.C. §1981</u>
<u>RACE DISCRIMINATION</u>
(Laura Williams)

161.  This is a claim against Defendant Socoper and Defendant Coxwell arising under 42 U.S.C. §1981 for race discrimination.

162.  Defendant James L. Coxwell made racially derogatory statements about African-American employees, including Ms. Williams.

163.  Defendant Coxwell referred to Ms. Williams and other African-American employees as "thieving ass black bitches."

164.  Ms. Williams was aware Defendant Coxwell had commented he wanted all

white employees at the Long Leaf Lodge because black people made the lodge look bad.

165. Ms. Williams was aware Defendant Coxwell wanted all of the African-American employees discharged.

166. On or about July 10, 2015, Defendant Coxwell encouraged Plaintiff to appear white by wearing her hair blonde and telling her she needed to look like a white woman every day at the Lodge.

167. Defendant Coxwell told Ms. Williams that she needed to wear blonde hair so she could think straight.

168. Defendant Coxwell told Plaintiff Williams that she needed to put her blonde hair back on because she looked stupid without it.

169. Defendant Coxwell made the decision to terminate Ms. Williams.

170. Ms. Williams' employment was terminated through a memo from James Coxwell dated July 24, 2015.

171. The termination memo stated Ms. Williams was being terminated in accordance with Employee Handbook Section 4-02, Employment Termination.

172. Ms. Williams had never received an employee handbook, so she did not know what was contained in that section.

23

173. Defendant Socoper and Defendant Coxwell discriminated against Ms. Williams based on her race, African-American.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff Williams respectfully requests the entry of judgment under 42 U.S.C. §1981, against Defendant Socoper and Defendant Coxwell pursuant to an Order awarding:

    a.    compensatory damages to be determined by the trier of fact;

    b.    punitive damages to be determined by the trier of fact;

    c.    nominal damages to be determined by the trier of fact;

    d.    injunctive relief, including backpay and pre-judgment interest;

    e.    that relief which is fair, just, and equitable under the circumstances of this case;

    f.    reasonable attorney's fees; and

    g.    the costs of this suit

## COUNT IX
## TITLE VII
## SEXUAL HARASSMENT
(Laura Williams)

174. Ms. Williams adopts and incorporates by reference the facts alleged above in support of this Count.

175. Defendant Coxwell subjecting Ms. Williams to offensive and unwanted sexual overtures.

176. Prior to Defendant Socoper's termination of Polly Trantham, Ms. Williams complained to Ms. Trantham that something was not right with Mr. Coxwell based on the way he was treating her.

177. Defendant Coxwell regularly hugged Ms. Williams.

178. Defendant Coxwell regularly grinded against Ms. Williams.

179. Defendant Coxwell would tell Ms. Williams she was "fine as hell" when she wore her hair blonde.

180. When Ms. Williams wore her hair blonde, Defendant Coxwell would comment that he knew what her husband had been doing with her at night.

181. Defendant Coxwell frequently made comments to Ms. Williams about her husband having sex with her.

182. When Ms. Williams asked Defendant Coxwell if her daughter could have a pool party at the Long Leaf Lodge, he said she could only if Ms. Williams wore a bikini and he could take a picture.

183. Approximately eleven days before Defendant Socoper terminated Ms. Williams, Defendant Coxwell told Plaintiff he would take her to his house, tie her down, "fuck the shit out of her," and never let her ago.

184. In the week prior to Ms. Williams' termination, Defendant Coxwell asked her if she was "sore from the night before," and said he wanted to know how hard her husband "fucked" her the night before.

185. In the week prior to Ms. Williams' termination, Defendant Coxwell commented to Ms. William about her breasts and asked her "how high are those babies going to get up there today?"

186. When Defendant Coxwell made sexual comments to Ms. Williams, she tried to walk away.

187. Defendant Coxwell's comments and propositions were unwanted by Ms. Williams.

188. Ms. Williams refused Defendant Coxwell's advances.

189. Defendant Coxwell's actions created a sexually hostile work environment.

190. Defendant Coxwell terminated Ms. Williams's employment.

191. Defendant Coxwell subjected Ms. Williams to an adverse employment action, termination, because she would not reciprocate his sexual advances.

192. Defendant Socoper is liable for sexual harassment based on Defendant Coxwell's conduct.

193. Ms. Williams was injured by the sexual harassment she experienced while working for Socoper.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff Williams respectfully requests the entry of a judgment against Defendant Socoper pursuant to an order awarding:

a.   Compensatory damages to be determined by the trier of fact;

b.   Punitive damages to be determined by the trier of fact;

c.   Injunctive relief, including backpay and pre-judgment interest;

d.   That relief which is fair, just and equitable under the circumstances of the case; and

e.   The costs of this suit.

## COUNT X
## TITLE VII
## RETALIATION
(Laura Williams)

194.   This is a claim against Defendant Socoper arising under Title VII of the Civil Rights Act of 1964, as amended, prohibiting retaliation in the workplace

195.   Ms. Williams opposed and objected to the sexual and racial comments and actions of Defendant Coxwell.

196.   After Ms. Williams opposed and objected to the sexual and racial comments

and actions of Defendant Coxwell, Defendant Coxwell terminated Ms. Williams.

197. Defendant Coxwell told other people he fired Ms. Williams because he heard she was going to sue him for sexual harassment.

198. Defendant Socoper terminated Ms. Williams for opposing employment practices made unlawful by Title VII of the Civil Rights Act of 1964, as amended.

199. Defendant Socoper retaliated against Ms. Williams.

200. Defendant Socoper's retaliatory conduct injured Ms. Williams.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff Williams respectfully requests the entry of judgment under Title VII, as amended, against Defendant Socoper pursuant to an Order awarding:

  a.    compensatory damages to be determined by the trier of fact;

  n.    punitive damages to be determined by the trier of fact;

  o.    nominal damages to be determined by the trier of fact;

  p.    injunctive relief, including backpay and pre-judgment interest;

  q.    that relief which is fair, just, and equitable under the circumstances of this case;

  r.    reasonable attorney's fees; and

28

s.    the costs of this suit.


## COUNT XI
## 42 U.S.C. §1981
## RETALIATION
(Laura Williams)

201. This is a claim against Defendant Socoper and Defendant Coxwell arising under 42 U.S.C. §1981.

202. Ms. Williams adopts and incorporates by reference the facts alleged above in support of this Count.

203. Ms. Williams opposed Defendant Coxwell's racially discriminatory conduct.

204. Defendant Coxwell terminated Ms. Williams' employment with Defendant Socoper.

205. Defendant Coxwell was acting as an owner and officer of Defendant Socoper when he terminated Ms. Williams.

206. Defendants Socoper and Coxwell retaliated against Ms. Williams by terminating her employment.

207. Defendants' retaliatory conduct injured Ms. Williams.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff Williams

respectfully requests the entry of judgment under 42 U.S.C. §1981, against Defendant Socoper and Defendant Coxwell pursuant to an Order awarding:

     a.     compensatory damages to be determined by the trier of fact;

     b.     punitive damages to be determined by the trier of fact;

     c.     nominal damages to be determined by the trier of fact;

     d.     injunctive relief, including backpay and pre-judgment interest;

     e.     that relief which is fair, just, and equitable under the circumstances of this case;

     f.     reasonable attorney's fees; and

     g.     the costs of this suit

## COUNT XII
## INVASION OF PRIVACY
### (Laura Williams)

208.  Defendant Coxwell and Defendant Socoper invaded Ms. Williams' privacy by subjecting her to offensive and unwanted sexual overtures and inquiries.

209.  While in the workplace at Long Leaf Lodge, Defendant Coxwell made inquiries into Ms. Williams' sex life as well as made sexual advances.

210.  Defendant Coxwell's sexual comments and inquiries offended, embarrassed and frightened Ms. Williams.

211.  Defendant Coxwell's actions were taken in the line and scope of his roles as owner and top executive officers of Defendant Socoper.

212.  Defendant Socoper ratified and permitted Defendant Coxwell's conduct.

213.  Defendant Socoper is liable for the conduct of Defendant Coxwell.

214.  Defendant Coxwell and Defendant Socoper injured Ms. Williams.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff Williams respectfully requests the entry of a judgment against Defendants Socoper and Coxwell pursuant to an order awarding:

a.    Compensatory damages to be determined by the trier of fact;

b.    Punitive damages to be determined by the trier of fact;

c.    Injunctive relief;

d.    That relief which is fair, just and equitable under the circumstances of the case; and

e.    The costs of this suit.


<u>COUNT XIII</u>
<u>OUTRAGE</u>
(Laura Williams)

215.  Ms. Williams adopts and incorporates the facts set forth above in support of this count.

31

216. Defendant Coxwell and Defendant Socoper acted intentionally to inflict emotional distress on Ms. Williams.

217. Defendant Coxwell's sexual comments offended, embarrassed and frightened Ms. Williams.

218. When Ms. Williams did not reciprocate Defendant Coxwell's sexual advances, he terminated her employment.

219. Defendant Coxwell's actions toward Ms. Trantham were taken while he was acting in his role as an agent and owner of Defendant Socoper.

220. Defendant Socoper ratified and permitted Defendant Coxwell's conduct.

221. Defendant Socoper is liable for the conduct of Defendant Coxwell.

222. Defendant Coxwell and Defendant Socoper injured Ms. Williams.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Trantham requests the entry of a judgment against Defendants Socoper and Coxwell pursuant to an order awarding:

a.   Compensatory damages to be determined by the trier of fact;

b.   Punitive damages to be determined by the trier of fact;

c.   Injunctive relief;

d.   That relief which is fair, just and equitable under the circumstances of the case; and

32

e.      The costs of this suit

## COUNT XIV
## NEGLIGENT/WANTON SUPERVISION, TRAINING, AND RETENTION
(Laura Williams)

223.  Plaintiff Williams adopts and realleges the paragraphs above as if fully set forth in full herein.

224.  Defndant Socoper had a duty to provide a reasonably safe, non-hostile and non-discriminatory work environment to Plaintiff Williams.

225.  Defendant Socoper knew, or should have known, of the conduct of Defendant Coxwell.

226.  Defendant Socoper negligently supervised, trained and/or retained Defendant Coxwell.

227.  Defendant Socoper maliciously, deliberately, wantonly and/or negligently retained employees, such as Defendant Coxwell, engaged in illegal conduct, including, but not limited to, Defendant Coxwell.

228.  Defendant failed to protect employees, such as Ms. Williams, from the illegal treatment described in this Complaint.

229.  As a result of Defendant Socoper's action and inaction, Ms. Williams was injured.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff Williams respectfully requests the entry of a judgment against Defendants Socoper pursuant to an order awarding:

a.   Compensatory damages to be determined by the trier of fact;

b.   Punitive damages to be determined by the trier of fact;

c.   Injunctive relief;

d.   That relief which is fair, just and equitable under the circumstances of the case; and

e.   The costs of this suit

PLAINTIFFS REQUEST A TRIAL BY STRUCK JURY.

Respectfully submitted,

*Heather Newsom Leonard*
Heather Newsom Leonard
Attorney Code - ASB-1152-061H
ATTORNEY FOR PLAINTIFFS

OF COUNSEL:

HEATHER LEONARD, P.C.
P.O. Box 43768
Birmingham, AL 35243
Phone:       (205) 977-5421
Facsimile:   (205) 278-1400
E-mail:      Heather@HeatherLeonardPC.Com

PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL:

Socoper, Inc.

34

c/o James Coxwell, Registered Agent
5098 Gwendolyn Court
Acworth, GA 30101

James L. Coxwell
5098 Gwendolyn Court
Acworth, GA 30101

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

POLLY DIANE TRANTHAN, and )
LAURA ANN WILLIAMS, )
                                )
      Plaintiffs, )
                                )    CIVIL ACTION NO.:
vs. )
                                )
SCOOPER, INC. d/b/a LONG LEAF )
LODGE, and JAMES L. COXWELL, )
                                )
      Defendants. )

---

## COMPLAINT
## Exhibit 1

---

 

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | **846-2015-33184** |
| | | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Polly Trantham** | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **SOCOPER INC D/B/A LONG LEAF LODGE** | **15 - 100** | **(256) 820-9494** |

| Street Address | City, State and ZIP Code |
|---|---|
| **74 Exchange Avenue, Ft McClellan, AL 36205** RECEIVED | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | OCT - 1 2015 | |

| Street Address | City, State and ZIP Code |
|---|---|
| | E.E.O.C.<br>BIRMINGHAM DISTRICT |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **06-22-2015** Latest **07-06-2015**

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am a White female. I was hired by the above named employer in January 2013 as a Bookkeeper. My most recent position was Manager / Bookkeeper. During June 2015, James L Coxwell (White) Owner instructed me to discharge a Black employee so that he could hire his daughter. I refused and Mr. Coxwell told me that I was not going to place more value on a "nigger". I was given a verbal warning about hiring African Americans. Mr. Coxwell told me that I was not going to turn the lodge into the "ghetto lodge" and he was tired of me hiring "hood rats". Mr. Coxwell used racial slurs in the workplace on a regular basis. Mr. Coxwell has made racial slurs about an African American Housekeeper Supervisor and discharged her over the telephone for no reason.

I was discharged on July 6, 2015, subsequent to opposing employment practices made unlawful by Title VII of the Civil Rights Act of 1964, as amended.

I believe I have been discriminated against in retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 9-24-15    Polly Trantham<br>Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| POLLY DIANE TRANTHAN, and<br>LAURA ANN WILLIAMS, | )<br>)<br>) | |
|      Plaintiffs, | )<br>) | CIVIL ACTION NO.: |
| vs. | )<br>) | |
| SCOOPER, INC. d/b/a LONG LEAF<br>LODGE, and JAMES L. COXWELL, | )<br>)<br>) | |
|      Defendants. | ) | |

---

**COMPLAINT
Exhibit 2**

---

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | Amended<br>846-2015-33184 |
| | | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Polly Trantham** | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | RECEIVED | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|---|
| **SOCOPER INC D/B/A LONG LEAF LODGE** | | 15 - 100 | (256) 820-9494 |
| Street Address | City, State and ZIP Code | | |
| 74 Exchange Avenue, Anniston, AL 36205 | OCT 21 2015 | | |

E.E.O.C.
BIRMINGHAM DISTRICT

| Name | | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|---|
| | | | |
| Street Address | City, State and ZIP Code | | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest 06-22-2015   Latest 07-06-2015

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am a White female. I was hired by the above named employer in January 2013 as a Bookkeeper. My most recent position was Manager / Bookkeeper. During my employment I was continually subjected of a sexually hostile work environment which included but was not limited to requests for dates and sexual favors by Mr. James Coxwell, Owner.

On or about May 2, 2015, Mr. Coxwell made a sexual offensive statement to me about how I needed to have sex to get over the death of my husband. I opposed his comment. During third or fourth week in May 2015, he exposed his genitals to me. I became upset and left work immediately.

He also told me when he sold insurance in the poor Black section of Anniston; he would accept sexual favors from 13 -14 year old Black girls when their parents could not pay their insurance premiums that he was collecting. Mr. Coxwell made references to me about one of my employee's skin tone and told me she could pass for White and how he would like to see the employee in a bathing suit. I subsequently warned my employee not to talk to Mr. Coxwell without me being present.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 11/12/15   *Polly Trantham*<br>Date   Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other Information before completing this form. | ☐ FEPA | Amended |
| | ☒ EEOC | 846-2015-33184 |
| | | and EEOC |

_State or local Agency, if any_

During June 2015, Mr. Coxwell instructed me to discharge a Black employee so that he could hire his daughter. I refused and Mr. Coxwell told me that I was not going to place more value on a "nigger". I was given a verbal warning about hiring African Americans. Mr. Coxwell told me that I was not going to turn the lodge into the "ghetto lodge" and he was tired of me hiring "hood rats". Mr. Coxwell and another White male employee referred to the housekeeping staff as "three lying Black bitches". I opposed these comment and was not allowed to give the White employee a written warning for his comment. Mr. Coxwell used racial slurs in the workplace on a regular basis. Mr. Coxwell has made racial slurs about an African American Housekeeper Supervisor and discharged her over the telephone for no reason.

I opposed Mr. Coxwell sexual and racial comments but he did not stop.

On July 6, 2015, Edwin Williams, who is not an employee gave me a letter informing me that I was discharged and escorted me off the property. Mr. Coxwell immediately started giving me unfavorable references for employment. He also calls my prospective employers and gave them a negative reference.

I believe I have been discriminated against because of my race, sex, and in retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended.

Amended Charge



RECEIVED

OCT 21 2015

E.E.O.C.
BIRMINGHAM DISTRICT

RECEIVED

OCT 21 2015

E.E.O.C.
BIRMINGHAM DISTRICT

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief SIGNATURE OF COMPLAINANT |
| 10/12/15 _Date_   _Charging Party Signature_ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE _(month, day, year)_ |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| POLLY DIANE TRANTHAN, and<br>LAURA ANN WILLIAMS, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO.: |
| vs. | ) | |
| | ) | |
| SCOOPER, INC. d/b/a LONG LEAF | ) | |
| LODGE, and JAMES L. COXWELL, | ) | |
| | ) | |
| Defendants. | ) | |

---

**COMPLAINT**
**Exhibit 3**

---

EEOC Form 161 (11/09)

**U.S. Equal Employment Opportunity Commission**

## Dismissal and Notice of Rights

| To: **Polly Trantham** | From: **Birmingham District Office**<br>**Ridge Park Place**<br>**1130 22nd Street**<br>**Birmingham, AL 35205** |
|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |  |
|---|---|---|

| EEOC Charge No.<br>**846-2015-33184** | EEOC Representative<br>**TROY D. SHICK,**<br>**Investigator** | Telephone No.<br>**(205) 212-2114** |
|---|---|---|

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

| | |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [X] | The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Delner Franklin-Thomas*                                    JUN 13 2016

Enclosures(s)

**Delner Franklin-Thomas,**
**District Director**

(Date Mailed)

cc:   **SOCOPER INC D/B/A LONG LEAF LODGE**
**c/o Donald W. Stewart**
**STEWART & STEWART, PC**
**Post Office Box 2274**
**Anniston, AL 36202**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| POLLY DIANE TRANTHAN, and ) | |
| LAURA ANN WILLIAMS, ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | CIVIL ACTION NO.: |
| vs. ) | |
| ) | |
| SCOOPER, INC. d/b/a LONG LEAF ) | |
| LODGE, and JAMES L. COXWELL, ) | |
| ) | |
|     Defendants. ) | |

---

**COMPLAINT**
**Exhibit 4**

---



EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | **Amended**<br>**420-2015-02827** |

and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Laura Williams** | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **SOCOPER INC D/B/A LONG LEAF LODGE** | **15 - 100** | **(256) 820-9494** |

| Street Address | City, State and ZIP Code |
|---|---|
| **74 Exchange Avenue, Anniston AL 36205** | |

**RECEIVED**

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

OCT 16 2015

E.E.O.C.
BIRMINGHAM DISTRICT

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN<br>☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION<br>☐ OTHER *(Specify)* | Earliest: **07-10-2015** Latest: **07-24-2015**<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I am a Black female. I was hired by the above named employer in June 2014, as a Housekeeper/Laundry. I was later promoted to Housekeeping Supervisor.

On July 10, 2015, Mr. Coxwell, Owner, began subjecting me to sexually and racially hostile work environment on a continuing basis. Mr. Coxwell would tell me that I needed to put my blond hair back on because I "look stupid without it". I was told with my blond hair I could pass as a white woman. Mr. Coxwell told me that I needed to look like a White woman at the Lodge.

On July 13, 2015, Mr. Coxwell told me that he would take me to his house and tie me down and never let me go.

On July 18, 2015 Mr. Coxwell asked me I if was "sore from the night before". He told me he wanted to know how hard my husband "fucked "me the night before.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Oct 12/15   *Laura Williams*<br>Date   *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | **Amended**<br>**420-2015-02827** |

and EEOC

_State or local Agency, if any_

On July 20, 2015, Mr. Coxwell made a comment about my breast and asked me "how high are those babies going to get up there today". I always walked away when Mr. Coxwell made sexually and racists statements tom me.

During July 2015, I learned that Mr. Coxwell was referring to me and other Back female employees as "thieving ass Black bitches".

On July 23, 2015, Mr. Coxwell and Cam (While female last name unknown, Mr. Caswell's daughter) came to me with a pieces of paper and asked why was my name on the paper to be subpoenaed for his divorce. I told them I did not k now.

They told me I would be asked questions about seeing Cam taking big money bags out of the hotel and Mr. Coxwell making sexual statements towards me. They told me they wanted to know where my loyalties were regarding Mr. Coxwell. I told Mr. Coxwell and his daughter that the only thing I could do was to go to court and tell the truth.

On July 24, 2015, I was called at home Mr. Edwin Williams (White male) who claimed to be a friend of Mr. Coxwell. Mr. Williams informed that I was no longer needed at work anymore and was being discharged under Article 42 in the employee handbook. I deny committing any misconduct and informed Mr. Williams that I was never issued an employee handbook and has never seen one. I also told he was not my boss and could not fire me.

I believe I have been discriminated against because of my race, sex, and in retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended.

**Amended Charge**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| *Oct 12-15*   *Laura W Williams*<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

POLLY DIANE TRANTHAN, and )
LAURA ANN WILLIAMS, )
                     )
      Plaintiffs, )
                     )     CIVIL ACTION NO.:
vs. )
                     )
SCOOPER, INC. d/b/a LONG LEAF )
LODGE, and JAMES L. COXWELL, )
                     )
      Defendants. )

---

**COMPLAINT
Exhibit 5**

---

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Laura Williams

From: **Birmingham District Office**
**Ridge Park Place**
**1130 22nd Street**
**Birmingham, AL 35205**

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2015-02827 | TROY D. SHICK, Investigator | (205) 212-2114 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

JUN 13 2016

Enclosures(s)

Delner Franklin-Thomas,
District Director

(Date Mailed)

cc: SOCOPER INC D/B/A LONG LEAF LODGE
c/o Donald W. Stewart
STEWART & STEWART, PC
Post Office Box 2274
Anniston, AL 36202