IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| POLLY DIANE TRANTHAN, et al., | ] |
| Plaintiffs, | ] |
| v. | ]   1:16-cv-01476-KOB |
| SOCOPER INC. d/b/a LONG LEAF LODGE, et al., | ] |
| Defendants. | ] |

## MEMORANDUM OPINION

This matter is before the court on "Defendants'[1] Renewed Motion for Partial Summary Judgment" as to Plaintiffs' Title VII claims. (Doc. 29). Plaintiffs allege, in addition to their other claims, race discrimination, gender discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. *See* 42 U.S.C. § 2000e *et seq.* (2012). Defendants maintain that they did not employ 15 or more people during the relevant time period and so cannot be liable under Title VII. The Motion has been fully briefed. *See* (Docs. 31, 34, 43, 46).

To be liable under Title VII, an employer must employ fifteen or more employees for each working day in at least twenty weeks during the current or preceding calendar year, with the "current year" being the year of the alleged discrimination. *See* 42 U.S.C. § 2000e(b) (defining "employer" for purposes of Title VII); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006) (holding that a Title VII claim must meet the threshold employee number); *Walters v. Metro.*

---

[1] Though Plaintiffs in their Complaint only alleged Title VII claims against Defendant Socoper, the Defendants brought the Motion for Summary Judgment jointly.

1

*Educ. Enters., Inc.*, 519 U.S. 202, 205 (1997) (examining whether employer met Title VII definition "at the time of the alleged retaliation"). Here, the relevant years are 2014 and 2015.

The court applies the "payroll method" of calculating employees: if an employee appears on the employer's payroll for a given working day, then she is considered an employee for Title VII purposes. *Walters*, 519 U.S. at 206–207; *see also id.* at 206 (explaining that "whether the employer has an employment relationship with the individual on the day in question . . . is most readily demonstrated by the individual's appearance on the employer's payroll").

Defendants submit Socoper's biweekly payroll records for 2014 and 2015, which demonstrate that Socoper had an employment relationship with—and thus employed for purposes of Title VII—fifteen or more employees for only <u>one</u> two-week pay period during those two years.

In opposition, Plaintiffs present (1) Socoper's own list of employees and their dates of employment, covering the period from April 2015 through the time Socoper submitted the list to the EEOC on February 16, 2016, and (2) Socoper's 2014 and 2015 Quarterly Contribution and Wage Reports, created by the Alabama Department of Industrial Relations, which include the number of employees Socoper reported employing during each quarter. These reports show the following total employee numbers: for 2014, 16 during the first quarter, 16 during the second quarter, 16 during the third quarter, and 12 during the fourth quarter; for 2015, 19 during the first quarter, 15 during the second quarter, 15 during the third quarter, and 13 during the fourth quarter.[2]

---

[2] Plaintiffs also submit what appear to be the forms Socoper completed for the Department of Industrial Relations to compile the 2015 Quarterly Contribution and Wage Reports. Those documents include a monthly employee number breakdown demonstrating that

Title VII looks at payroll periods, however, not quarterly employee numbers as reported to the state. The Quarterly Contribution and Wage Reports do not show which individuals appeared on Socoper's payroll records on a weekly basis. As for the EEOC list, it does not provide a complete employee tally for 2014 and 2015. And calculating the number of Socoper employees employed weekly from April through December of 2015 based on the EEOC list reveals that Socoper did not employ 15 employees at any point during that period.

Plaintiffs also present deposition testimony from Cam Coxwell Shiflett, who testified that she performed paid work for Socoper during summer, spring, and or/winter breaks in 2014 and 2015, "whenever [she was] needed." (Doc. 46-2 at deposition 13:14). Ms. Shiflett, formerly Ms. Kirk, does not appear on the payroll records submitted by Socoper. As Socoper points out, however, even if Ms. Shiflett is deemed to have worked for Socoper for every week during 2014 and 2015, Socoper would still have employed fifteen or more individuals during only two two-week periods in 2014 and 2015. That Ms. Shiflett, who worked irregularly and infrequently at Socoper, does not appear on the payroll records amounts to only a scintilla of evidence showing that Socoper employed fifteen or more employees for twenty or more weeks during 2014 or 2015. That scintilla is insufficient to meet Plaintiffs' summary judgment burden. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").

Accordingly, because even taken in the light most favorable to the Plaintiff Socoper's payroll records evidence that it did not employ fifteen or more individuals for twenty or more

---

during no single month during 2015 did Socoper report employing 15 or more individuals.

weeks during either 2014 or 2015, Socoper does not qualify as an employer under Title VII and is due judgment in its favor on the Title VII claims.

The court **WILL GRANT** Defendants' Motion for Partial Summary Judgment and **WILL ENTER JUDGMENT** in favor of Socoper as to Plaintiffs' Title VII claims.

**DONE** and **ORDERED** this 18th day of August, 2017.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE