FILED

2020 Jul-30  AM 09:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **POLLY DIANE TRANTHAM, and**<br>**LAURA ANN WILLIAMS,** | ] | |
| | ] | |
| **Plaintiffs,** | ] | |
| | ] | |
| **v.** | ] | **1:16-cv-01476-KOB** |
| | ] | |
| **SOCOPER, INC., d/b/a LONG LEAF LODGE,** | ] | |
| **and JAMES L. COXWELL,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Plaintiffs' "Renewed Motion to Sever Plaintiffs' Claims into Two Independent Actions for Trial." (Doc. 104). In the motion, the Plaintiffs seek to sever the claims of Plaintiffs Polly Trantham and Laura Williams and have the court conduct bifurcated, separate trials for each Plaintiff. Upon consideration of the Plaintiffs' motion, and considering the lack of articulated opposition from the Defendants at this time, the court finds that the interests of justice support severance and bifurcation in this case.

This case, which was originally filed in September 2016, involves two ex-employees of Socoper, Inc. who brought employment and tort claims against Socoper and the Socoper CEO, James Coxwell, who managed Socoper's "Long Leaf Lodge." Remaining claims in this case include claims for retaliation under 42 U.S.C. § 1981, discrimination under § 1981, invasion of privacy, outrage, and negligent supervision, training, and retention.

Ms. Trantham was a manager at Long Leaf Lodge and Ms. Williams was a housekeeper. The remaining claims in this case arise from Mr. Coxwell's alleged inappropriate behavior toward the Plaintiffs—which included racist and sexual actions and remarks—and the ultimate

termination of the Plaintiffs.  The claims of the two Plaintiffs are similar and overlap because

they both took place at Long Leaf Lodge and involved Mr. Coxwell.  They also involve many of

the same witnesses.  But, the claims essentially arise from separate incidents of Mr. Coxwell's

alleged behavior.

Although the case was originally filed in 2016, this case has been stayed and otherwise

delayed multiple times because of criminal proceedings against Ms. Trantham arising from her

employment at Long Leaf Lodge.  The criminal proceedings against Ms. Trantham have been

continued on multiple occasions, which has exacerbated the delay in the instant case.  Currently,

the instant civil case is set for a non-bifurcated trial on September 14, 2020, which, as of the time

of scheduling, would have been after the resolution of Ms. Trantham's criminal proceedings.

However, Ms. Trantham's criminal trial has now been continued once again and is now

scheduled for October 2020.

The Plaintiffs now argue that the court should sever the Plaintiffs' claims and bifurcate

the upcoming trial pursuant to Federal Rules of Civil Procedure 21 and 42.  (Doc. 104; doc. 105).

They argue that the facts of the two cases are essentially unique and can be heard separately,

despite the fact that they involve many of the same witnesses.  The Plaintiffs also assert that the

court should not continue to delay Ms. Williams's day in court because "justice delayed is justice

denied."  They argue that the longer her claims are delayed, the harder it will be for Ms.

Williams to prove her case.  Further, the Plaintiffs assert that, because Ms. Williams bears the

burden of proof in this case, prejudice to her ability to try her case is more damaging than any

prejudice to the Defendants regarding having to try similar cases separately.

Additionally, the Plaintiffs argue that, because of her unresolved criminal charges arising

from her employment at Long Leaf Lodge, Ms. Trantham will be unavailable to testify at a

September 14, 2020 trial because of her Fifth Amendment rights against self-incrimination.  The Plaintiffs argue that forcing Ms. Trantham to have her trial in a situation that makes her choose between her Fifth Amendment rights and her rights to pursue her civil case unfairly prejudices her.

The Plaintiffs' motion states that the motion is opposed, but the court notes that the Defendant has not filed a response or notified the court of plans to file a response.  The original scheduling order in this case clearly states that, when served with a nondispositive motion, "**any party who wishes to oppose it should immediately telephone the court's chambers and so advise.** Opposing briefs and documents shall follow within **three days** after the motion is filed" if the party gave notice of opposition to the court.  (Doc. 21 at 6) (emphasis in original).  Here, more than three days have passed since the Plaintiffs filed their motion and the Defendants have not notified the court of their intent to oppose the motion and have not filed any opposition.  Accordingly, the court will proceed with disposition of the motion without a response from the Defendant.

 Federal Rule of Civil Procedure 21 provides that the court may add or drop a party or sever a claim at any time "on just terms."  Fed. R. Civ. P. 21.  Similarly, Federal Rule of Civil Procedure 42 allows the court to order a separate trial on issues or claims for "convenience, to avoid prejudice, or to expedite and economize."  Fed. R. Civ. P. 42.  Courts can exercise discretion in determining the application of these rules.  *See Fritz v. American Home Shield Corp.*, 751 F.2d 1152, 1154 (11th Cir. 1985) (stating that the application of Rule 21 is left to the district court's discretion); *Beckford v. Dep't of Corr.*, 605 F.3d 951, 961 (11th Cir. 2010) (reviewing application of Rule 42 for abuse of discretion).

Here, the court finds that justice supports severing the claims and conducting bifurcated trials in this case, as severing the claims will avoid undue prejudice to both Ms. Trantham and Ms. Williams.  *See* Fed. R. Civ. P. 21, 42.  Ms. Trantham's criminal proceedings continue to get delayed and this case continues to languish as the court waits for resolution of those proceedings. The court agrees with the Plaintiffs that Ms. Trantham will be unduly prejudiced if she has to proceed to trial before her criminal proceedings have concluded because she will have to choose between being unavailable to testify and waiving her Fifth Amendment privilege.  *See United States v. Jacoby*, 955 F.2d 1527, 1535 (11th Cir. 1992) (stating that because a potential witness "declined to testify on the basis of his Fifth Amendment privilege against self-incrimination, he was unavailable as a witness").  Further, the court also agrees with the Plaintiffs that the delay to Ms. Williams is becoming unconscionable as her case gets harder to prove because of the passage of time.  So, the court finds that the interests of justice support severance of the Plaintiffs' claims and bifurcation into two separate trials in this case.

Accordingly, the court GRANTS the Plaintiffs' motion to sever Ms. Trantham and Ms. Williams' claims and to bifurcate their trials.  Ms. Williams' case will remain set for trial on September 14, 2020; the court will set Ms. Trantham's case for trial at a later date.

**DONE** and **ORDERED** this July 30, 2020.

**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE