# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| POLLY DIANE TRANTHAM, and ) <br> LAURA ANN WILLIAMS, ) <br> ) <br>    Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> SOCOPER, INC. d/b/a LONG LEAF ) <br> LODGE, and JAMES L. COXWELL, ) <br> ) <br>    Defendants. ) | CIVIL ACTION NO.: <br><br> 1:16-cv-1476-KOB |

### PLAINTIFF LAURA WILLIAMS' MOTION TO DECLARE POLLY TRANTHAM UNAVAILABLE TO TESTIFY AT TRIAL AND TO USE HER DEPOSITION PURSUANT TO RULRE 32(a)(4)(E)

COMES NOW Plaintiff Laura Williams and moves this Honorable Court pursuant to Rule 32 of the Federal Rules of Civil Procedure to declare that witness Polly Trantham is unavailable to provide live testimony due to the pending criminal charges filed against her by Defendants such that Trantham's deposition may be used to present her testimony at trial.

This motion should be granted for the following reasons:

1.  In late July 2017, Defendants signed a criminal warrant accusing Polly Trantham of felony theft alleging that while she was the manager at the Long Leaf Lodge she gave herself an unauthorized raise that resulted in her having less than $5,000 in misappropriated wages. The warrant was signed by Defendant James

1

Coxwell. The trial date for the criminal matter is unknown. The trial, which has been continued numerous times over the last three (3) years has once again been continued to an unidentified date.

2.     Defendants' witness and exhibit list make clear that they intend to litigate Trantham's criminal charges through this trial. While no payroll records have been identified for Plaintiff Williams on the Defendants' Exhibit List and there is no issue relating to Trantham's pay to be resolved by the jury in evaluating Williams' claims, Defendants identified Trantham's payroll records. (Doc 111, p. 1, ¶ ) and calculations by Theresa Lackey regarding Polly Trantham's pay (Doc. 111, p. 2, ¶ 12) as exhibits. Likewise, Defendants' witness list identified a custodian of records for the Defendants' payroll company (Doc. 112, p. 1, ¶ 4) and Defendants' accountant (Doc. 112, p. 2, ¶ 10). Defendants have voiced to this Court their intent to examine Trantham to attempt to impeach her with this allegation.[1]

3.     If questioned about her pay, the scope of her authority in her job at the Long Leaf Lodge, or any other topics that could relate to the criminal allegations, Ms. Trantham will invoke her Fifth Amendment Right against self-incrimination due to

---

[1]     The central question for the criminal allegation is whether Defendant Coxwell authorized a raise for Ms. Trantham during her employment. In 2017 when he signed the warrant, he contended he did not. However, the warrant was signed in late July 2017, after his daughter testified in June 2017 he was suffering from dementia to explain his lack of memory in his deposition in this action, and after defense counsel filed a notice with this Court on July 5, 2017 representing Defendant Coxwell was in the early stages of Alzheimer's disease. There is a very real probability based on this evidence that Defendant Coxwell's dementia/Alzheimer's may have affected his memory to the point he could not remember giving the raise in question to Trantham and that the criminal warrant was the result of his memory failing.

the pending criminal charges since it is apparent Defendants intends on using this trial as an alternate forum for their vindictive and retaliatory pursuit of the criminal matter.[2]

4. In the Eleventh Circuit when a witness exercises her Fifth Amendment rights, she is unavailable for the purposes of Rule 804(b)(3). *See United States v. Jernigan*, 341 F.3d 1273, 1288 (11th Cir. 2003) ("the first prong of the test is satisfied, as [witness] exercised his Fifth Amendment right not to testify at trial"); *United States v. Thomas*, 62 F.3d 1332, 1337 (11th Cir. 1995) ("Because they invoked their Fifth Amendment privilege to remain silent, it is clear that the McCoys were unavailable."); *United States v. Jacoby*, 955 F.2d 1527, 1535 (11th Cir. 1992) (stating that because a potential witness "declined to testify on the basis of his Fifth Amendment privilege against self-incrimination, he was unavailable as a witness"). Therefore, if this Court denies the Plaintiff's motion in limine on the criminal charges and underlying facts, Ms. Trantham will assert her Fifth Amendment privilege against providing testimony which could be used against her in the criminal proceeding. This would render her "unavailable" for purposes of Rule 804(b)(3).

---

[2] Plaintiff contends these issues are not relevant to this action and has filed a motion in limine seeking to exclude Defendant from referencing the criminal arrest, the pending criminal matter, the facts underlying the criminal matter, and the subject matter/facts underlying defense counsel Donald Stewart's prior representation of Polly Trantham. Should this motion be granted and the Defendants limited from inquiring into these areas, it will not be necessary for Ms. Trantham to invoke her Fifth Amendment right.

5.      Because the assertion of the Fifth Amendment privilege would render Ms. Trantham unavailable to testify pursuant to Rule 804(b)(3), Plaintiff Williams should be permitted to use Ms. Trantham's deposition, as designated in the Plaintiff's witness list, to present Ms. Trantham's testimony at trial. Rule 32(a)(4) of the Federal Rules of Civil Procedure permits the use of a deposition at trial if a witness is unavailable. "If it is desired to use the deposition of a person other than an adverse party for substantive evidence . . . the conditions of Rule 32(a)(4) must be satisfied." *See* 8A RICHARD L. MARCUS, FED. PRAC. & PROC. CIV. § 2146 (3d ed. 2020); *see also Kraese v. Jialiang Qi,* No. CV417-166, 2020 U.S. Dist. LEXIS 125676, at *4 (S.D. Ga. July 16, 2020).

6.      Rule 32(a)(4)(E) contains a "catch-all" provision that permits a deposition to be used in lieu of testimony "on motion and notice, that exceptional circumstances make it desirable – in the interest of justice and with due regard to the importance of live testimony in open court – to permit the deposition to be used." Plaintiff Williams has satisfied these requirements. This filing is her Rule 32 motion and notice seeking to use the deposition of Trantham. Plaintiff previously gave notice through her witness list filings. The exceptional circumstances that exist here arise from the Defendants' choice to file and pursue criminal charges against Trantham which they also seek to use in this action. As a result, Trantham is put in the untenable position of having to invoke her Fifth Amendment right if Defendants

question her about matters relating to the criminal allegations. Defendants have made it clear their entire trial strategy is to tie Plaintiff Williams to Trantham and then launch a full assault on Trantham's character, including raising the allegations of theft of wages.

7.      The United States District Court for the Eastern District of Tennessee examined this same issue last year in *Eastman Chem. Co. v. SGS N. Am., Inc.*, No. 2:15-CV-344, 2019 U.S. Dist. LEXIS 231063 (E.D. Tenn. Feb. 4, 2019) where a party argued that because a witness who was deposed was unavailable to testify due to invocation of the Fifth Amendment, the witness's deposition should be permitted under the "exceptional circumstances" provision of Rule 32(a)(4)(E). The District Court agreed and permitted the use of the deposition at trial. *Eastman Chem. Co. v. SGS N. Am., Inc.*, No. 2:15-CV-344, 2019 U.S. Dist. LEXIS 231063, at *16 (E.D. Tenn. Feb. 4, 2019).

WHEREFORE, PREMISES CONSIDERED, this Court should declare Polly Trantham unavailable to testify and permit the Plaintiff to use Trantham's deposition, as designated in her witness list, at trial due to that unavailability.

                Respectfully submitted,

                /s/ Heather Newsom Leonard
                Heather Newsom Leonard
                ATTORNEY FOR PLAINTIFF

OF COUNSEL:

HEATHER LEONARD, P.C.
P.O. Box 43768
Birmingham, AL 35243
Phone:        (205) 977-5421
Facsimile: (205) 278-1400
E-mail:  Heather@HeatherLeonardPC.Com

                                        /s/ Jason C. Odom
                                        Jason C. Odom
                                        ATTORNEY FOR PLAINTIFF

OF COUNSEL:

Jason C. Odom LLC
10 East 15th Street
Anniston, AL 36201
Phone  256-238-6005
Fax  256-238-0181
Email:  JCOdom@OdomLegal.com

6

## **CERTIFICATE OF SERVICE**

    I hereby certify that on September 9, 2020, I officially filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

        Edward McF. Johnson
        STEWART & STEWART, P.C.
        1826 3rd Avenue North, Suite 300
        Bessemer, Alabama 35020

        Donald W. Stewart
        STEWART & STEWART, PC
        1000 Quintard Avenue, Suite 500
        Anniston, AL 36202

        /s/ Heather Newsom Leonard
        OF COUNSEL