IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **POLLY DIANE TRANTHAM and** ) | |
| **LAURA ANN WILLIAMS,**      ) | |
|                                 ) | |
| **Plaintiffs,**              ) | |
|                                 ) | 1:16-cv-1476-KOB |
| **v.**                          ) | |
|                                 ) | |
| **SOCOPER, INC. d/b/a LONG LEAF** ) | |
| **LODGE and JAMES L. COXWELL,** ) | |
|                                 ) | |
| **Defendants.**                 | |

## MEMORANDUM OPINION

This matter comes before the court on Plaintiff's "Motion to Determine the Competency of James Coxwell's Testimony" (doc. 126). Defendants filed a response in opposition (doc. 169), and Plaintiff filed a reply (doc. 171). The court held a hearing on this matter on February 23, 2021. For the reasons discussed more fully in the hearing and set forth below, the court **FINDS** that Defendants have not met their burden to show that Mr. Coxwell was competent at the time of his June 2017 deposition. Thus, the parties may not use Mr. Coxwell's deposition at trial.

The parties are quite familiar with the lengthy discussion in this case about Mr. Coxwell's competency. This issue started in 2017: three days after Mr. Coxwell's deposition, his daughter, in her deposition, raised the issue of her father's dementia. (Doc. 118-1 at 3). Then, nine days after Mr. Coxwell's deposition, Defense counsel raised concerns about Mr. Coxwell's mental health in a Joint Status Report: "Defense counsel

understands that Defendant Coxwell is likely suffering from early onset Alzheimer's disease, which may affect his capacity to testify and create the potential for medical testimony." (Doc. 40 at 3).

When discussing trial setting in a status conference on April 21, 2020, Plaintiff's counsel raised concerns that delaying the trial would affect Mr. Coxwell's testimony. In that same status conference, Defense counsel stated that Mr. Coxwell was "competent to run a business," that he was "not a person who would not have the capability to appear at trial," and that counsel "[didn't] think there's any question that he will be there and he'll be able to testify to the facts in the case." A few months later, on August 12, 2020, Defense counsel wrote to the court that because "[James Coxwell's] dementia ha[d] gotten much worse since he was deposed," Defense counsel would "have to present his testimony by deposition."

On September 2, 2020, the court held a Pretrial Conference in this case, in anticipation of the trial then set for September 14, 2020. The court instructed Defendants that they would need to show that Mr. Coxwell was unavailable under Federal Rule of Evidence 804(a) to use his June 2017 deposition at trial. The court also recognized that Plaintiff might want to explore whether Mr. Coxwell was competent at the time he gave that deposition.

On the morning of September 9, 2020, Defendants produced by e-mail a report by Dr. Malcolm Spica—a neuropsychologist, who examined Mr. Coxwell on September 8,

2020—to both Plaintiff and the court.

In a status conference in the afternoon of September 9, 2020, the court reiterated that Plaintiff "did not have the medical records that they ha[d] been requesting" dating back to 2017 and that the court thought it had previously "indicated that [Plaintiff] had a right to have to know when [Mr. Coxwell's memory issues] first appeared." Defendants responded that they would "provide [Plaintiff's counsel] with the medical records," that they would "*be glad* to provide [Plaintiff's counsel] with the medical records" (emphasis added). Defendants represented they would call Mr. Coxwell's daughter so they could quickly get the records. In that conference, the court made a preliminary ruling that "Mr. Coxwell is not competent to testify based upon [the medical] report from Dr. Spica; however, the use of his deposition at trial will be conditioned upon the availability of medical records reflecting, to the extent possible, what his mental status was in 2017 at the time of the deposition."

On the morning of September 10, 2020, Defendants produced by email medical records dating back to July 2018. The medical records revealed that as of July 10, 2018, Mr. Coxwell was taking Aricept, a medication used to treat Alzheimer's disease, but the records were unclear as to who first prescribed Mr. Coxwell the medication and when.

The afternoon of September 10, 2020, the court held another Pretrial Conference. Defense counsel informed the court that they had "tracked [the records dating back to 2017] down," that the records were to be delivered to their client that afternoon, and that

Defense counsel would then deliver them to Plaintiff's counsel. In that conference, the court noted that it had reviewed the medical records dating back to 2018, agreed that Mr. Coxwell would not be available at trial, and that the court would offer a curative instruction to the jury explaining why Mr. Coxwell was absent from the trial. On September 11, 2020, the court continued the trial in this case because of COVID concerns. (Doc. 137).

On October 15, 2020, the court held a status conference, in anticipation of the trial then set for October 26, 2020. The court noted that Defendants had still not provided Plaintiff with Mr. Coxwell's medical records dating back to 2017, as previously promised. In that conference, Defendants told the court that the unnamed doctor Mr. Coxwell visited in 2017 had closed his practice and that the records could not be located. The court reminded Defendants that "a serious question" had been raised as to whether Mr. Coxwell was competent when his deposition was taken. The court instructed Defendants that, as the party offering Mr. Coxwell's deposition, they would need to provide evidence that Mr. Coxwell was "in fact competent" in 2017, as the medical records produced to Plaintiff and the court showed that Mr. Coxwell was taking Aricept on July 10, 2018—just a year after he was deposed.

After that conference, the court then continued the trial twice—once due to exigent circumstances (doc. 146) and once because of COVID-related issues (doc. 150). Trial is now set for March 29, 2021. (Doc. 157).

On February 5, 2021, Plaintiff filed a motion for a status conference and for a hearing to determine Mr. Coxwell's competency at the time of his deposition. (Doc. 158). The court granted Plaintiff's motion and set a conference and hearing for February 17, 2021. (Doc. 159). Because Defendants did not receive notice of the hearing, the court continued the hearing to February 24, 2021. (Doc. 165). At Defendants' request, the court then reset the hearing for February 23, 2021. (Doc. 168).

In anticipation of the February 23, 2021 hearing, Defendants submitted six exhibits as evidence of Mr. Coxwell's competency at the time of his June 26, 2017 deposition—none of which were medical records dating back to 2017 or statements from medical professionals who examined him in 2017. Instead, Defendants offered affidavits of two of Mr. Coxwell's employees at MountainBrook Assisted Living in Sevierville, TN, Dianne Hall and Meeka Morkert; an affidavit from Alan Dussouy, the vice president of Ameris Bank in Canton, GA, who gave Mr. Coxwell a business loan; the February 6, 2020 examination of Mr. Coxwell by Dr. Malcolm Spica; a letter from the Pat Summit Clinic stating that Mr. Coxwell was not a patient there; and Mr. Coxwell's deposition. (Doc. 169).

While the court affords some weight to the observation of lay witnesses as to Mr. Coxwell's competence in June 2017, their testimony pales in comparison with Mr. Coxwell's deposition itself. In their brief on the competency issue, Defendants rely heavily upon the Eleventh Circuit's decision in *Parrott v. Wilson*, 707 F.2d 1262 (11th

Cir. 1983) to support their contention that "the deposition of a witness that a party claims was incompetent during his deposition is the best evidence of the subject deponent's mental capability." (Doc. 169 at 5). In *Parrott*, the Eleventh Circuit held that the district court had properly declared a witness who suffered from seizures, dementia, and depression unavailable and his deposition testimony admissible, even though the deposition had been taken after the automobile accident that led to the recurrence of seizures. *Parrott*, 707 F.2d at 1269–70. In reviewing the district court's decision to allow the witness's deposition in lieu of testimony, the Eleventh Circuit looked to the deposition itself and reasoned that "a careful reading of the deposition . . . makes it clear that such seizures did not occur during his examination" and that the deposition was, thus, competent. *Id.* at 1269.

While *Parrott* supports Defendants' contention that the court should look to the deposition to support a determination of competency, the case also indicates that a court may allow additional discovery so that a party opposing a deposition for competency reasons may challenge the deponent's competency at the time of the deposition. *Parrott*, 707 F.2d at 1270 ("[T]he court stated that appellant *would* be allowed additional discovery by means of *deposition* . . .") (emphasis in original). The court has been making every effort to provide Plaintiff an opportunity to review Mr. Coxwell's medical records dating back to 2017 to be able to challenge the deposition.

Before the February 23, 2021 hearing, the court looked to the deposition itself to

see if it supported a determination of competency. Throughout the deposition, Mr. Coxwell shows signs of serious memory issues—or efforts to "play cute" or dumb in response to straightforward questions. For example: when Plaintiff's counsel asked Mr. Coxwell what he had done to prepare for his deposition, he answered "I drove over here." (Doc. 169-6 at 5). When Plaintiff's counsel asked Mr. Coxwell for his address, he gave the street but answered that he "[couldn't] remember [his] number." (*Id.* at 6). When Plaintiff's counsel asked if the Equal Employment Opportunity Commission had informed Mr. Coxwell that he had the legal obligation to preserve records related to Plaintiff's employment, Mr. Coxwell stated, "Nobody has come in my office and told me do not destroy those documents." (*Id.* at 7). When Plaintiff's counsel asked what types of decisions he made running the day-to-day operations of MountainBrook Village, his assisted-care facility in Tennessee, Mr. Coxwell answered, "Good ones, I hope." (*Id.* at 13). And he did not remember signing a document that bore his signature, asserting, "It is a good fake, but it is not my signature." (*Id.* at 55). A few days later, Mr. Coxwell's daughter testified that Mr. Coxwell had her type up the document for him, that the signature was not hers and looked like his, and that he may have denied having knowledge of the document because he was "in the first stages of dementia." (Doc. 118-1 at 3).

Mr. Coxwell's deposition does not show him to be clearly competent. And again, the critical medical records of any sort that could shed light on his competency at the time

7

of the deposition have not been produced, although repeated representations were made that they had been located and would be produced. Further, Defendants produced medical records showing that Mr. Coxwell was taking Aricept as of July 2018 but have provided no information as to who prescribed him that medication or when; pharmacy records could have cleared that up, but none were presented.

For six months now, Plaintiff has been attempting to obtain medical records from 2017 so that she can determine if she should challenge Mr. Coxwell's competency at the time of his deposition. Although they have repeatedly promised them, Defendants have not provided *any* medical records or even anything along the lines of the information requested—insurance records, pharmacy records, the name of the doctor who closed his practice; nor have they offered any *evidence* that the records do not exist, such as an affidavit from the doctor or nurse practitioner with whom they spoke stating that records could not be found and why.

Based upon the court's review of the evidence submitted, including Mr. Coxwell's deposition itself, the court **FINDS** that Defendants have not met their burden to show that Mr. Coxwell was competent at the time of his June 2017 deposition. Therefore, neither party may use Mr. Coxwell's deposition at trial.

**DONE** and **ORDERED** this 5th day of March, 2021.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE