UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| POLLY DIANE TRANTHAM & LAURA ANN WILLIAMS, ) ) ) Plaintiffs, ) ) ) v. ) ) SOCOPER, INC. d/b/a LONG LEAF ) LODGE, & JAMES L. COXWELL, ) ) Defendants. ) | CIVIL ACTION NO. 1:16-cv-1476-KOB |

### MEMORANDUM OPINION

This matter comes before the court on Plaintiff Laura Williams's Motion for Attorney's Fees (Doc. 209), and Defendants Socoper, Inc. and James Coxwell's response to that motion (Doc. 227). At trial, Ms. Williams prevailed on her claim for retaliation under 42 U.S.C. § 1981 and on her state law claims for intentional infliction of emotional distress and invasion of privacy. (Doc. 230 at 30). She now seeks attorney's fees and costs under 42 U.S.C. § 1988, which permits a party prevailing on claims under § 1981 to recover such costs.

Ms. Williams seeks an award of attorney's fees in the amount of $123,450.00 for each of her two attorneys, for a total of $246,900.00. (Doc. 209 at 17). She calculates this sum based on a proposed hourly rate of $500 per hour for each of her attorneys. (*Id.*). And she claims that, as of October 2021, her attorneys

1

each performed 246.9 hours of compensable work on her case, for a total of 493.8 hours. (*Id.*).[1] In response, Defendants invite the court to defer ruling on the fee request at this juncture. (Doc. 227). Alternatively, Defendants challenge both the hourly rate that Ms. Williams's proposes for her attorneys and her calculation of hours. For the reasons stated below, the court declines Defendants' invitation to defer ruling, but it agrees in part and disagrees in part with Defendants' challenges.

Finally, Ms. Williams seeks expenses in the amount of $5,764.30. (Doc. 209 at 17). Because Defendants do not oppose this request and because it is reasonable, the court will grant it.

## **LEGAL STANDARD**

For cases arising under § 1981, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee." 42 U.S.C. § 1988(b). The court calculates reasonable attorney's fees according to the lodestar approach, which entails "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888, (1984). The fee applicant bears the burden of providing "specific and detailed evidence" supporting the proposed hourly rate and "records to show the time spent on the different claims." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999)

---

[1] Williams filed her motion for attorney's fees on October 13, 2021—a month before her counsel submitted Williams's response to Defendants' motion for a new trial. So as explained below, the court will issue an interim order regarding attorney's fees; Williams may then move the court to supplement her request.

(citation omitted). But the court "has wide discretion in exercising its judgment on the appropriate fee based on its own expertise." *Norman v. Housing Auth. Of City of Montgomery*, 836 F.2d 1292, 1304 (11th Cir. 1988).

To aid in analyzing a fee request's reasonableness, the Supreme Court has stated that courts may consider twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[2] *See Blanchard v. Bergeron*, 489 U.S. 87, 91 (1989). Those factors include:

> (1) The time and labor required . . .
> (2) The novelty and difficulty of the questions . . .
> (3) The skill requi[red] to perform the legal service properly. . .
> (4) The preclusion of other employment by the attorney due to acceptance of the case. . .
> (5) The customary fee. . .
> (6) Whether the fee is fixed or contingent. . .
> (7) Time limitations imposed by the client or circumstances. . .
> (8) The amount involved and the results obtained. . .
> (9) The experience, reputation, and ability of the attorneys. . .
> (10) The "undesirability" of the case. . .
> (11) The nature and length of the professional relationship with the client. . .
> (12) [And] awards in similar cases.

*Johnson*, 488 F.2d at 717–19. When relevant, the court will address these factors in greater detail.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Finally, under § 1988, the court may also tax as costs "all reasonable expenses incurred in the case preparation [or] during the course of the litigation." *ACLU of Ga.*, 168 F.3d at 427.

## ANALYSIS

The court will first address Defendants' request that the court defer ruling on Ms. Williams's motion. Next, the court will address Defendants' challenges to the hourly rates proposed and certain time entries supporting Ms. Williams's fee request.

### I. Defendants' Request that the Court Defer Ruling on the Motion for Attorney's Fees

Defendants first invite the court to defer ruling on Ms. Williams's motion for attorney's fees until 30 days after the Eleventh Circuit rules on either party's appeal in this case. Defendants have not yet filed a notice of appeal, but they argue that "it is almost a certainty that an appeal will be filed in the case." (Doc. 227 at 2).

The comment to Federal Rule of Civil Procedure 54 states: "If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer ruling on the motion, or may deny the motion without prejudice." Fed. R. Civ. P. 54, Advisory Committee Notes, 1993 Amendment. Relying on this statement, courts have generally found that "deferring ruling on a motion for attorney's fees

and costs pending an appeal is a matter within the court's discretion, and courts will defer ruling in the interests of judicial economy." *Truesdell v. Thomas*, No. 5:13-cv-552-OC-10PRL, 2016 WL 7049252, *2 (M.D. Fla. Dec. 5, 2016) (deferring ruling on motion for attorney's fees because of pending appeal).

But because deferring ruling on fee requests is discretionary, courts may rule on fee requests even when an appeal is pending or forthcoming. *See King Cole Condominium Ass'n, Inc. v. QBE Ins. Corp.*, 2010 WL 32112091 (S.D. Fla. Aug. 12, 2010) (declining to defer ruling on motion for attorney's fees despite pending appeal).

Defendants argue that this court's deferral as to Williams's fee request would promote judicial economy and prevent duplicative litigation concerning fees after the conclusion of the appeal process. (Doc. 227 at 3) (citing *Mich. Bldg. & Const. Trades Council, AFL-CIO v. Snyder*, No. 11-13520, 2012 WL 1893516 (E.D. Mich. May 23, 2012)). But in every case on which Defendants rely, the losing party had already filed a notice of appeal either before or shortly after the prevailing party had filed their fee petition. In that circumstance, it may be wise to defer because "the decision whether to award fees, and in what amount, is *certain* to be affected by the *pending* appellate litigation." *Mich. Bldg. & Const. Trades Council, AFL-CIO*, 2012 WL 1893516, at *2 (emphases added). As stated before, Defendants have not filed a notice of appeal. So it is not "certain" that any

5

*potential* appellate litigation will affect fees in this case, although the court notes the Defendants' "scorched earth" approach makes an appeal highly likely.

But Defendants did file a motion for a new trial, which relieved them of the duty to file a notice of appeal until thirty days after the court ruled on that motion. *See* Fed. R. App. P. 4(a)(1)(A)(4). However, even if Defendants' filing a motion for a new trial is tantamount to appealing, the court's decision to defer is discretionary. And the court sees value in ruling on the fee request now, so that Defendants have the option to challenge that decision on appeal, thereby "avoid[ing] piecemeal appeals to the Eleventh Circuit." *Id.*; *see also* Fed. R. Civ. P. 58, Advisory Committee Notes, 1993 Amendment ("[I]n many cases it may be more efficient to decide fee questions before an appeal is taken so that appeals relating to the fee award can be heard at the same time as appeals relating to the merits of the case.").

The court also finds that deferring would not serve judicial economy in this case. For example, the parties' fee dispute is not so complex as to constitute a "second major litigation," as was true in at least one of Defendants' cited cases. *See Nat. Farmers' Org., Inc. v. Assoc. Milk Producers, Inc.*, 850 F.2d 1286, 1312 n.50 (8th Cir. 1988) (approving of trial court's decision to defer ruling on fee petition requesting over $18 million for nearly 120,000 attorney hours). And as the court's recent denial of Defendants' motion for a new trial indicates, the court

finds it unlikely that any potential appeal by Defendants will succeed. *See King Cole Condominium Ass'n, Inc.*, 2010 WL 3212091, at *1 (considering whether party requesting deferral "show[ed] a substantial likelihood of success on the merits of its appeal"). So, the court declines Defendants' request to defer.

## II.    Defendants' Challenges to Ms. Williams's Fee Request

Defendants challenge Ms. Williams's fee request in two key respects. First, they challenge the hourly rate that Williams's attorneys propose. (Doc. 227 at 4). Second, they argue that Williams's attorneys may not recover fees for hours that they devoted to tasks that were "clerical" or that fell "outside of Plaintiff's case in chief." (*Id.* at 10). The court agrees in part and disagrees in part with these challenges.

### A. The Hourly Rates

Ms. Williams seeks an hourly rate of $500 per hour for the services provided by each of her attorneys, Heather Leonard and Jason Odom. (Doc. 209 at 7). Williams supports Ms. Leonard's rate with affidavits from Leonard herself and other Birmingham-based employment discrimination attorneys. (Docs. 209-1, *et seq.*). These affidavits discuss Leonard's credentials, experience, and the reasonableness of her proposed rate. (*Id.*). Notably, Williams provides no evidence supporting Mr. Odom's proposed rate. But where "there is a lack of documentation or testimonial support[,] the court may make the award on its own experience."

7

*Norman v. Housing Auth. Of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

Defendants first challenge the proposed rates as reflecting the legal services market in Birmingham, Alabama, rather than the place of the case's filing. Defendants correctly state that "the rate of attorney's fees is that of the place where the case is filed." *See Cullens v. Ga. Dept. of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1984). In *Cullens*, the Circuit Court affirmed the district court's decision to apply the hourly rate of attorneys in the city of the case's filing—Macon, Georgia—rather than that of attorneys in Atlanta, to which the case was transferred. Ms. Williams filed her case in the Eastern Division of this court, which includes the town of Anniston, Alabama and its surrounding counties. Anniston is a smaller town than Birmingham, roughly sixty miles away, with far fewer attorneys and none with the breadth of experience of Ms. Leonard in employment discrimination cases.

As evidence of local hourly rates, Defendants present two affidavits by attorneys based in Anniston. The first affiant, Joel Laird, noted the subject matter and issues of the case and states that a reasonable rate for a "lead lawyer with the experience of the attorneys in this case is $350.00 an hour." (Doc. 227-1 at 3). The other affiant, Thomas Harmon, states that the reasonable rate for a lead lawyer is $250-300 per hour. (Doc. 227-2 at 3). Neither attorney indicates that they practice

employment discrimination law. Defendants argue that the court should reduce *Ms. Leonard's* hourly rate to the range of these "lead lawyer" figures. But Defendants argue that the court should reduce *Mr. Odom's* rate to that of "local counsel," which the affiants attested make $250 per hour (doc. 227-1 at 3), or $200-250 per hour (doc. 227-2 at 3).

Also, Defendants cite to *Maner v. Linkan, LLC*, 602 F. App'x 489, 493 (11th Cir. 2015), in which the Eleventh Circuit affirmed the trial court's award of a $385 hourly rate in an employment discrimination case arising in Anniston. *See Johnson*, 488 F.2d at 717 (assessing "awards in similar cases"). The court awarded that rate to lead counsel, who had over thirty years of experience and obtained a favorable jury verdict in the case. That lawyer, who practiced primarily in Birmingham, testified that $385 was his "normal billing rate" in 2013. *Maner*, 602 F. App'x at 494.

Williams responds to this evidence with a more recent attorney's fee ruling issued by United States District Judge Corey Maze in an employment discrimination case arising in Anniston. (Doc. 209-1 at 14) (citing *Barber v. TPC of Blount Cnty. Ala. Inc.*, No. 4:18-cv-1633-CLM (N.D. Ala. July 1, 2021)). In that case, the lead attorneys, who were from Birmingham, obtained a successful jury verdict; Judge Maze awarded them an hourly rate of $450. *Id.* Defendants respond that the fee request in *Barber* "was not opposed as it is in this case." (Doc. 227 at

9

5). But the court in *Barber* could not have awarded the $450 rate unless it was reasonable—whether or not the defendants opposed the rate. *See* 42 U.S.C. § 1988(b). So *Barber* provides helpful guidance concerning reasonable hourly rates in Anniston.

Williams justifies Leonard's request for a $500 rate with proof that Leonard has more experience than the attorneys in *Barber*; she has been practicing law seven years longer, tried more cases, obtained more successful verdicts, and handled more appeals before the Eleventh Circuit than they. *See Johnson*, 488 F.2d at 718 (considering the "experience, reputation, and ability of the attorneys"). Indeed, Leonard's affidavit discusses her extensive history of publications and presentations relevant to the legal issues in this case. (Doc. 209-1 at 4 *et seq*.). Leonard's affidavit also notes that, because she is a solo practitioner, accepting contingent-fee cases like this one entails high financial risk and excludes work on other matters. (Doc. 209-1 at 10–11); *see Johnson*, 488 F.2d at 717 (considering those factors). And the $500 rate falls well within the market rates of Leonard's similarly experienced colleagues in Birmingham. *See, e.g*., (doc. 209-5, describing prevailing market rates of $375-650). Finally, the court notes that the demeanor of Defendants' counsel throughout the case and the stature of Defendant Coxwell and his counsel counsel in the local community make this case particularly "undesirable." *See Johnson*, 488 F.2d at 719 (considering this factor). Taken

together, the court finds that this evidence justifies an hourly rate of $500 for Ms. Leonard.

The court now turns to a reasonable rate for Mr. Odom. As an initial matter, the court finds no reason to reduce Mr. Odom's hourly rate to a lower "local counsel" figure. The time entries that Williams presents to support the fee award reflect that Ms. Leonard and Mr. Odom spent nearly equal time working on all matters concerning the case. *Compare* (doc. 209-1 at 15) *with* (doc. 209-6 at 2). Transcripts from this case's hearings and conferences also reflect that Mr. Odom contributed at nearly every meeting. And at trial, Mr. Odom elicited Ms. Williams's testimony and cross-examined one of Defendants' witnesses. (Doc. 228 at 45). So, although Mr. Odom's practice resides in Anniston, Defendants provide no evidence that he played a diminished role in the case. *See Johnson*, 488 F.2d at 717–19 (considering "the time and labor required . . . the skill requisite to perform the legal service properly . . . [and] the amount involved and the results obtained"). The court will not reduce Odom's rate to Defendants' proposed "local counsel" rates.

As stated before, Williams provided no evidence showing Mr. Odom's experience, skill, or reputation as a lawyer. But the court has personal knowledge that Odom has been practicing law longer than the attorneys for whom Judge Maze awarded a $450 hourly rate in *Barber*. *See Norman*, 836 F.2d at 1303 (noting that

11

the court is "an expert on the question [of reasonable rates] and may consider its own knowledge and experience"). And the court has observed the skill and experience reflected in Mr. Odom's work product throughout this case and numerous others. *See Johnson*, 488 F.2d at 718 (considering this factor). Also, the court's previous discussion concerning the risks of this case for a solo practitioner and the "undesirability" of the case apply equally to Mr. Odom. Based on these facts, the court finds reasonable the $450 rate that Judge Maze awarded in *Barber*—a recent employment discrimination case arising in Anniston. The court will apply a rate of $450 for Mr. Odom's fee calculation.

In sum, the court will apply a $500 hourly rate to Ms. Leonard's fee calculation, and it will apply a $450 hourly rate to Mr. Odom's calculation.

### *B. Recoverable Hours*

Ms. Williams supports her hours calculation with her attorneys' time entries over the course of the case, up to October 2021. *See* (doc. 209-1 at 15; doc. 209-6). Defendants do not challenge whether those dated time entries, which include descriptions of the task completed and hours worked in increments of 0.1 hours, sufficiently "show the time spent on the different claims." *See ACLU of Ga.*, 168 F.3d at 427. But Defendants challenge whether Williams may recover fees for two categories of time entries.

Defendants first argue that Williams may not recover fees for hours that her counsel devoted to "tasks that were clerical in nature." (Doc. 227 at 10). Defendants identify time entries allegedly falling in this category, which account for time spent on tasks like creating and editing exhibit lists for hearings, creating and editing exhibit lists for trial, creating and editing subpoenas, creating exhibits for motions, and exchanging emails with co-counsel about these matters. (Doc. 227-3 at 3). On this ground, Defendants challenge 12.4 hours out of the 493.8 total hours that Williams claims.

The party requesting attorney's fees must exercise "billing judgment," meaning that the party may not request fees for "hours that would be unreasonable to bill a client and therefore to one's adversary *irrespective of the skill or experience of counsel*." *ACLU of Ga.*, 168 F.3d at 428 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Put differently:

> It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available.

*Johnson*, 488 F.2d at 717; *see also Machado v. Da Vittorio, LLC*, 2010 WL 2949618, *3 (S.D. Fla. July 26, 2010) (explaining that plaintiff could not recover attorney's fees for "coordinating schedules, basic communications, procedural matters, and housekeeping matters").

Here, the court finds that the tasks that Defendants challenge do not constitute mere "clerical work." Preparing exhibits, exhibit lists, subpoenas, and other items to be presented to the court entails tactical decision making that requires legal expertise. In other words, these tasks were "legal work." *Johnson*, 488 F.2d at 717. And the challenged entries do not reflect that Leonard and Odom were merely photocopying or performing basic "housekeeping" tasks. *See Machado*, 2010 WL 2949618, at *3. So the court will not exclude attorney's fees for the 12.4 hours of allegedly "clerical" work.

Next, Defendants argue that Williams may not recover fees for hours that her counsel devoted to several "tasks falling outside of Plaintiff's case in chief." (Doc. 227 at 10). This category includes time entries for reviewing Tranham's criminal case and exchanging several emails to prepare the Motion to Sever Trantham and Williams's cases. (Doc. 227-3 at 2). Other challenged time entries reflect that Williams's attorneys researched state court filings in Tennessee and local counsel in Tennessee to assess Coxwell's alleged dissipation of assets in that state. (*Id.*). On this ground, Defendants challenge 5.8 hours out of the 493.8 hours that Williams claims in total.

Williams may only recover fees for time that her attorneys "reasonably expended *on the litigation*." *Loranger v. Stierheim*, 10 F.3d 776, 782 (11th Cir. 1994) (citation omitted) (emphasis in original).

As to Trantham's criminal matters, the challenged time entries show that Williams's attorneys spent time reviewing those matters only for purposes of their motion to sever *Williams's* claims from Trantham's. (Doc. 227-3 at 2). That motion directly bore on the litigation of Williams's case; Williams's trial occurred in part because her counsel ultimately prevailed on that motion. And in general, the court agrees with Williams that her fee request has excluded other entries for "time that was spent on the claims of Polly Trantham." (Doc. 209 at 7). So, the court finds this category of challenged time entries to be recoverable.

As to the Tennessee-related time entries, at the hearing on February 23, 2020, Williams addressed allegations that Mr. Coxwell was dissipating assets to avoid payment of a potential judgment. (Doc. 189 at 34). Williams's counsel discussed alleged transfers to a family trust with ties to Mr. Coxwell's business entities in Tennessee. At this time, the court has not ruled that Coxwell wrongly dissipated assets. But a party may seek fees for pursuing any claims "intertwined" with those that prevailed. *Dowdell v. City of Apopka*, 698 F.2d 1181, 1187 (11th Cir. 1983). Williams's counsel's research concerning potentially fraudulent transfers and local counsel in Tennessee intertwined with her potential ability to recover on a favorable judgment in this case, and she presented some of those findings to the court. Williams may recover fees for those efforts.

In short, the court finds no merit to Defendants' challenges to the time entries at issue. And the court finds no other reason to question the thoroughness and reasonableness of the entries that Williams provides. So, the court finds that, as of October 2021, each of Williams's attorneys reasonably expended 246.9 hours on Williams's case.

## **CONCLUSION**

The court will enter a contemporaneous order ruling as follows. The court finds that a reasonable hourly rate for Ms. Leonard is $500 per hour, and a reasonable hourly rate for Mr. Odom is $450 per hour. And the court finds that—as of the filing of her fee request on October 13, 2021—Williams's two attorneys reasonably expended 246.9 hours each on this case. If Ms. Williams wishes to request attorney's fees for time that her counsel devoted to the case after October 13, 2021, she has until April 12, 2022 to file a supplemental request. But based on the hours Williams currently submitted, the court will award the following attorney's fees:

*Ms. Leonard:*     246.9 hours   x   $500 hourly   =   $123,450.00

*Mr. Odom:*       246.9 hours   x   $450 hourly   =   $111,105.00

***Total:***                                              ***$234,555.00***

And the court will grant Ms. Williams's unopposed request for expenses totaling $5,764.30.

**DONE** and **ORDERED** this 29th day of March, 2022.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE