# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| POLLY DIANE TRANTHAM, and ) | |
| LAURA ANN WILLIAMS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO.: |
| vs. ) | |
| ) | 1:16-cv-1476-CLM |
| SOCOPER, INC. d/b/a LONG LEAF ) | |
| LODGE, and JAMES L. COXWELL, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF POLLY DIANE TRANTHAM'S
## MOTION FOR ATTORNEY'S FEES AND EXPENSES

As a prevailing party in this action under 42 U.S.C. § 1981, Plaintiff Polly

Trantham moves this Court for an award of her attorney's fees and costs. For the

reasons stated below, the Plaintiff's fee petition should be GRANTED.

### I.    Introduction

Plaintiff Polly Trantham prevailed on her retaliation claim brought under 42

U.S.C. §1981 against Defendants Socoper, Inc. and James Coxwell, as set forth in

the Court's Final Judgment. (Doc. 358). The Plaintiff also prevailed on the tort

claims she brought against the Defendants. (Id.).

### II.    Plaintiff is entitled to reasonable attorneys' fees and costs.

The success and effectiveness of our nation's anti-discrimination laws hinge on

the creation of an economic market in which attorneys can afford to represent victims

of discrimination and retaliation and take their cases to Court with the expectation of full compensation for their efforts if they prevail. See *Hidle v. Geneva County Board of Educ.*, 681 F.Supp. 752, 758-59 (M.D. Ala. 1988). Title VII allows the Court, within its discretion, to award the prevailing party a reasonable attorney's fee and court costs. See 42 U.S.C. § 2000e-5(k) (allowing recovery of attorneys' fees in Title VII case). The purpose of the attorney fee provision in the statute is to "effectuate the congressional policy against [ ] discrimination." *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 716 (5th Cir. 1974), citing *Clark v. American Marine Corp*, 320F.Supp. 709 (E.D.La. 1970), aff'd, 437 F.2d 959 (5th Cir. 1971).

In seeking the award of attorneys' fees, the burden lies with the fee applicant to establish entitlement to and document the appropriate hours and hourly rates. See *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). This burden includes the following: (1) supplying the court with specific evidence from which the court can determine the reasonable hourly rate, (2) maintenance of records showing the time spent on the claims, setting forth the general subject matter of the time expenditures such that the court can assess the time spent on the activity, and (3) a summary, grouping the time entries by the nature of the activity or stage of the case. *See American Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 427(11th Cir. 1999). When considering the petitioner's evidence offered in support of her request for fees, "[i]t is perfectly proper to award attorneys' fees

based solely on affidavits in the record." *Norman*, 836 F.2d at 1303, citing *Mesa Petroleum Company v. Coniglio*, 629 F.2d 1022, 1030 (5th Cir. 1980); *Accord*, *Mendoza v. City of Miami*, 483 F.2d 430, 431 (5th Cir. 1973).

Similarly, the party opposing fee application have a burden to meet, as well. Any objections from a fee opponent must be "specific and 'reasonably precise.'" *Barnes*, 168 F.3d at 428, quoting *Norman*, 836 F.2d at 1301). The general rule in this Circuit with regard to expenses is stated in *Dowdell v. City of Apopka*:

> with the exception of routine office overhead normally absorbed by thepracticing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the casemay be taxed as costs.

698 F.2d 1181, 1192 (11th Cir. 1983).

## III.    Argument

The United States Court of Appeals for the Eleventh Circuit set out in *Dillard v. City of Greensboro* that establishing a prevailing plaintiff's entitlement to attorney's fees requires: (1) determining whether the plaintiff has prevailed, (2) calculation of the "lodestar," or the number of hour spent in the legal work on the case multiplied by a reasonable rate, and (3) the adjustment of the "lodestar" to account for considerations not made in the mathematical computation, including "the relation of the results obtained for the work done." 213 F. 3d 1347, 1353 (11th Cir. 2000). In "rare and exceptional circumstances," the court may award an enhancement to the

lodestar amount in "circumstances in which the lodestar does not adequately take into account a factor that may be properly considered in determining a reasonable fee." *Perdue v. Kenny A.*, 559 U.S. 542, 554 (2010) (internal quotes omitted); *Dillard*, 213 F.3d at 1353.

### A. Plaintiff prevailed at trial.

The Supreme Court clarified that "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *City of Greensboro*, 213 F.3d at 1353-54 (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-112 (1992)). A plaintiff is not required to obtain the full relief sought in order to have "prevailed," as "getting something suffices to authorize an award of attorney fees." *Id.* at 1354 (citing *Farrar*, 506 U.S. at 111). Plaintiff Trantham achieved a favorable judgment, so she is a "prevailing party" entitled to statutory attorney's fees.

### B. Plaintiff's requested attorneys' fee is reasonable.

As discussed above, the Court's determination of a plaintiff's entitlement to attorney's fees is a three-step process, with the second step being the calculation of the "lodestar" fee to which a prevailing party is entitled. *Dillard v. City of Greensboro*, 213 F.3d 1347, 1353 (11th Cir. 2000). *See also Barnes*, 168 F.3d at 427. The lodestar figure is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir.

4

2008) (quoting *Hensley*, 461 U.S. at 434); see also *Gay Lesbian Bisexual Alliance v. Sessions*, 930 F.Supp. 1492, 1494 (M.D. Ala. 1996). The lodestar calculation is meant to be "objective," and to produce "an award that *roughly* approximates the fee that the prevailing attorney would have received if she had been representing a paying client who was billed by the hour in a comparable case." *Perdue*, 559 U.S. at 551 (emphasis in original).

The Supreme Court has noted that the 12-factor test set out in *Johnson*, 488 F.2d at 717-19, has been superseded by the "lodestar approach" first pioneered in *Lindy Bros. Builders, Inc. Of Philadelphia v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161 (3d Cir. 1973). *Perdue*, 559 U.S. at 551. "Most, if not all, of the relevant factors constituting a `reasonable' attorney's fee," such as the novelty and complexity of a case and the quality of an attorney's performance are subsumed in the lodestar calculation." *Aventis CropScience, NV v. Pioneer Hi-Bred International, Inc.*, 2010 WL 2306677, fn7 (M.D.N.C. 2010) (quoting *Perdue*, 130 S. Ct. at 1662.)) After *Perdue*, the *Johnson* factors remain relevant to help the trial court determine the reasonable number of hours and reasonable rate for the purposes of the lodestar calculation. *Aventis*, fn7 (quoting *Daly v. Hill*, 790 F.2d 1071, 1078 (4th Cir. 1986)) ("The proper point at which the *Johnson* factors are to be considered is in determining the reasonable rate and the reasonable hours. A fee based upon reasonable rates and hours is presumed to be fully compensatory without producing a windfall.") *See also*

*Blanchard v. Bergeron*, 489 U.S. 87, 91-92 (1989); *Hensley*, 461 U.S. at 434 n. 9.

The *Johnson* factors are (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717-19. The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates. *ACLU v. Barnes*, 168 F.3d 423, 427 (11 Cir. 1999).

### a. Reasonableness of the Hours Claimed

In assessing the reasonableness of the hours claimed by the plaintiffs' attorneys, the Court considers three *Johnson* factors - the time and labor required, the novelty and difficulty of the case, and the amount involved and the results obtained. *Doucet v. Chilton County,* 65 F. Supp. 2d 1249, 1260 (M.D.Ala. 1999). A reasonable fee"is "a fee that is sufficient to induce a capable attorney to undertake the representationof a meritorious civil rights case." *Perdue*, 130 S.Ct. 1662 at 1672 (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565(1986)).

6

The Plaintiff requests reimbursement for 714.10 hours. Plaintiff has supported this request by supplying the Court with detailed documentation of the hours for which she is seeking reimbursement, as well as a detailed breakdown of the number of hours spent on each aspect of the case, showing that those hours were reasonably spent. (See Ex 1, Leonard Declaration; Ex 8, Odom Declaration).

Mrs. Leonard is seeking 121.8 hours for the time incurred prior to bifurcation of Laura Williams claims, and 150.6 hours (10 hours of paralegal time) for time incurred after the bifurcation. Leonard has not included time spent exclusively for the Williams trial and appeal.[1] Likewise, Mr. Odom incurred comparable hours (Ex

---

[1]""Where... 'a party is entitled to an award of fees for only some of the claims involved in the litigation, i.e., because a statute or contract authorizes fees for a particular claim but not others, the trial court must evaluate the relationship between the claims' to determine the scope of the fee award." *Durden v. Citicorp Tr. Bank, FSB*, 763 F. Supp. 2d 1299, 1306-07 (M.D. Fla. 2011) (quoting *Chodorow v. Moore*, 947 So.2d 577, 579 (Fla. 4th DCA 2007)). If "the claims involve a 'common core' of facts and are based on 'related legal theories,' a full fee may be awarded *unless it can be shown that the attorneys spent a separate and distinct amount of time on* counts *as to which no attorney 's fees were sought* [*or were authorized*]." *Id.* (quotation and internal quotation marks omitted) (alteration in *Chodorow*). "[W]here a particular claim is subject to a fee entitlement but one or more related claims are not, 'time spent marshaling the facts' of the related claims is compensable because it 'likely would have been spent defending any one or all of the counts.'" *Durden*, 763 F.Supp. 2d 1306 (citing *Caplan v. 1616 E. Sunrise Motors, Inc.*, 522 So.2d 920, 922 (Fla. 3d DCA 1988)). "In contrast, time spent researching a 'discrete issue' as to a claim without a fee entitlement should not be included in a fee award." *Id.* at 1306-1307.…" *Tillman v. Advanced Pub. Safety*, Inc., No. 15-cv-81782, 2018 U.S. Dist. LEXIS 187977, at *19-20 (S.D. Fla. Nov. 2, 2018).

"The fee applicant (whether a plaintiff or a defendant) must, of course, submit appropriate documentation to meet 'the burden of establishing entitlement to an award.'" *Fox v. Vice*, 563 U.S. 826, 838, 131 S. Ct. 2205, 180 L. Ed. 2d 45 (2011) (citing *Hensley*, 461 U.S. at 437). "But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

8, Odom Declaration ) and has made a similar reduction.

As noted by this and other Courts, fee applicants must exercise what the Supreme Court has termed "billing judgment." *Hensley*, 461 U.S. at 434. That means fee applicants must exclude from their fee applications "excessive, redundant, or otherwise unnecessary hours, which are hours that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Barnes* at 427 (internal citations omitted). However, it is well-settled that compensation for time expended in the pursuit of attorneys' fees is proper. *Doucet* at 1260 (citing *Johnson,* 606 F.2d at 638).

As explained in detail in this Memorandum and Declaration of Leonard, Plaintiff's counsel has exercised billing judgment in making its request by excluding any task which could arguably be duplicative.

This case was both novel and difficult. The case involved a business which did not retain its personnel files, the documents which are typically the building blocks of an employment case. The issues concerning the competency of Defendant

_____

Here, Trantham's claims arise out of a common core of facts, the events in the last few months of her employment with the Defendants. Williams' claims arose out of substantially the same nexus of facts, extending to include the two-week period following Trantham's termination. The discovery pursued would have been the same had Trantham's case been limited solely to her § 1981 claim.

Coxwell's testimony further complicated the case. Mr. Coxwell's recognized standing in the Anniston area through his service on the Jacksonville State University Board of Trustees and as a business owner/leader would have deterred many attorneys from bringing this claim.

With respect to the result obtained, Plaintiff Trantham obtained a substantial verdict. There is a "strong presumption" that the lodestar figure is reasonable, but the presumption "may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue*, 559 U.S. at 553-554. "An enhancement may be appropriate where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value, as demonstrated in part during the litigation." *Id.* at 554. As stated above, the Plaintiff was vindicated on her retaliatory termination claim, and the jury awarded her backpay, emotional damages, and punitive damages. Plaintiff is not seeking an enhancement of the attorney fee, but is simply requesting payment of all her attorney's fees and expenses for the time properly expended on her claims.

As the Supreme Court reasoned in *Hensley v. Eckerhart, et al.*, 103 S.Ct. 1933,1940 (1983):

> Where a plaintiff has obtained excellent
> results, his attorney should recover a fully
> compensatory fee. Normally this will

> encompass all hours reasonably expended on
> the litigation, and indeed in some cases of
> exceptional success an enhanced award may
> be justified. In these circumstances the fee
> award should not be reduced simply because
> the plaintiff failed to prevail on every
> contention raised in the lawsuit. Litigants in
> good faith may raise alternative legal
> grounds for a desired outcome, and the
> court's rejection of or failure to reach certain
> grounds is not a sufficient reason for reducing
> a fee. The result is what matters.

The Court in *Hensley* also made clear that using a mathematical approach to compare

the total number of issues in the case with the number of those prevailed on is not

helpful: "Such ratio provides little aid in determining what is a reasonable fee in light

of all the relevant factors. Nor is it necessarily significant that a prevailing plaintiff

did not receive all the relief requested.  For example, a plaintiff who failed to recover

damages but obtained injunctive relief, or vice versa, may recover a fee award based

on all hours reasonably expended if the relief obtained justified that expenditure of

attorney time."  103 S. Ct. at 1940-41 n.11.

The former Fifth Circuit has noted that "in fixing the fee, the district court

should be mindful that in complex civil rights litigation ... issues are overlapping and

intertwined. In order to represent their clients adequately, attorneys must explore

every aspect of the case, develop all the evidence and present it to the court." *Jones

v. Diamond*, 636 F.2d 1364 (5th Cir. 1981). "Where evidence gathered in preparing

an unsuccessful issue may also have been relevant to the successful claim, compensation should be provided for the time spent gathering that evidence." *Marion v. Barrier,* 694 F.2d 229, 232 (11th Cir. 1982). Following these principles, the Eleventh Circuit upheld an award that included hours expended on claims which were dismissed with prejudice. *Dowdell v. City of Apopka*, 698 F.2d 1181 (1983). In *Dowdell*, the plaintiffs charged the city with discrimination in the provision of seven public services. The claims involving two of the services were settled, and the district court found in the plaintiffs' favor on claims regarding three of the five services brought to trial. The district court refused to reduce the fee award for the two unsuccessful claims. The Eleventh Circuit affirmed, approving the district court's finding that the claims "were intertwined in that they constituted logical, integrated parts of a single action challenging discrimination in the provision of municipal services." *Id.* at 1187 (quoting *Dowdell*, 521 F. Supp. 297, 301 (M.D. Fla. 1981)).

A reasonable hourly rate is the "prevailing market rate in the relevant community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Doucet* at 1260. Both attorneys representing Plaintiff Trantham seek approval at an hourly rate of $550.

To determine the prevailing market rate, the court may consider the following *Johnson* factors: customary fee; whether the fee is fixed or contingent; the novelty and difficulty of the questions; the skill required to perform the legal services properly; the

experience, reputation, and ability of the attorneys; time limitations; preclusion of other employment; undesirability of the case; nature and length of professional relationship with the client; and awards in similar cases. *Doucet* at 1260-1261. The requested rate of $550 per hour is reasonable and consistent with what has been awarded in other cases. *See* Exhibit 2 – *Odom* Fee Award; Exhibit 3 – Notice of Submission in Support of Award of Costs, Fees ,and Expense in *Varshney v Parsons Corporation, et al*,; Exhibit 4 – Declaration of R. Brett Adair; Exhibit 5 – Declaration of Eric Artrip; Exhibit 7 – Declaration of Teri Mastando; Exhibit 6 – Declaration of Sterling DeRamus.

"The customary fee for similar work in the community should be considered." *Johnson*, 488 F.2d at 718. "Because 'reasonable fees' . . . are to be calculated according to the prevailing market rates in the relevant community," *Blum v. Stenson*, 465 U.S. 886, 895 (1984), the issue is the legal "market rate," not an individual lawyer's rate." *Doucet* at 1261. *See also Norman*, 836 F.2d at 1299 ("A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation"); *Public Interest Group of N.J., Inc. v. Windall*, 51 F.3d 110, 1185 (3d Cir. 1995) ("the attorneys' usual billing rate . . . is not dispositive").  A "reasonable fee" is "a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Perdue*, 130 S.Ct. 1662 at 1672 (citing *Pennsylvania*

*v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).

Counsel represented Trantham on a contingency fee basis. "This factor focuses judicial scrutiny solely on the existence of any contract for fees that may have been executed between the party and his attorney." *Medders v. Autauga County Bd. of Educ.*, 858 F.Supp. 1118, 1127 (M.D.Ala.1994) (Thompson, J.) (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. at 723, 107 S.Ct. at 3085). As recognized by the Eleventh Circuit, "few practitioners who regularly defend the poor and disadvantaged have the opportunity to bill and collect on an hourly basis." *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1300 (11 Cir. 1988). Nevertheless, "[t]he fee quoted to the client or the percentage of the recovery agreed to is helpful in demonstrating the attorneys' fee expectations when he accepted the case." *Johnson*, 488 F.2d at 718.

Trantham's contingency fee is to be split equally between Mr. Odom and Mrs. Leonard. Given the risk an attorney takes in accepting a case on contingency basis with no guarantee of ever being paid for his work, the court should award Mr. Odom and Mrs. Leonard a fee sufficient to induce other attorneys to accept similar cases and to associate other attorneys on those cases to provide their clients with strong representation.

"Civil rights attorneys face hardships in their communities because of their desire to help the civil rights litigant.... Oftentimes [his or her] decision to help

eradicate discrimination is not pleasantly received by the community or [his or her] contemporaries." *Johnson*, 488 F.2d at 718. Additionally, civil rights litigation is often characterized "as very undesirable because it stigmatizes an attorney as a 'civil rights lawyer' and thus tends to deter fee-paying clients, particularly high-paying commercial clients, from seeking assistance from that lawyer." *Stokes v. City of Montgomery*, 706 F.Supp. 811, 815 (M.D.Ala.1988) (Thompson, J.), aff'd,891 F.2d 905 (11th Cir.1989). "The results of such litigation tend to arouse the emotions of all concerned, and frequently the attorneys who bring these cases are the subjects of prolonged and vitriolic hostility." *Doucet* at 1263. This factor "can have an economic impact on [an attorney's] practice which can be considered by the Court." *Johnson*, 488 F.2d at 718.

This case would have been seen as undesirable to many because of the status of Defendant Coxwell, the reputation of prior defense counsel as a strong and aggressive litigator, and the outstanding reputation of John D. Saxon who took over the defense of this case. This case, which was accepted on a contingency basis, then faced the issue of whether the Defendants were moving assets out of their names in advance of trial to affect collectability of a judgment. (Docs. 158 and 178). In determining the fair market rate, the Court should take into consideration the economic impact such risk-taking may have had on Mr. Odom's and Mrs. Leonard's practice and award them a fee that justly compensates them for taking a risky case.

14

### C. Plaintiff is entitled to fees and costs.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs... shall be allowed as of course to the prevailing party unless the court otherwise directs." The Eleventh Circuit has specified that "with the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988... [T] he standard of reasonableness is to be given a liberal interpretation." *Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983). The issue of which expenses are properly charged to a defendant must be settled on a case by case basis considering the nature and context of specific litigation. *Id.* At 1189. However, costs such as telephone, postage, travel, food, lodging, mileage, and duplication are liberally awarded by courts within the Eleventh Circuit. *Id.* at 1191.

Plaintiff seeks reimbursement of total expenses of $6,108.25, as set out in the Bill of Costs. The facts establishing the reasonableness of these expenses are set forth in the declaration.

### IV.    Conclusion

For the reasons stated herein, Plaintiff requests this Court approve her request for attorney fees and costs though an Order:

a. Setting the hourly rate for Heather Leonard and Jason Odom as $550 per hour each

b. Finding that the 714.10 hours claimed in this case by the attorney (272.40 hours for Heather Leonard and her paralegal and 441.7 by Jason C. Odom) are reasonable

c. Awarding fees of $145,570 to Heather Leonard for work done by Mrs. Leonard and her paralegal, Christine Poynter

d. Awarding fees of $242,935 to Jason Odom.

e. Awarding expenses of $6,108.25

Respectfully submitted,

 /s/ Heather Newsom Leonard
Heather Newsom Leonard
ATTORNEY FOR PLAINTIFF

OF COUNSEL:

HEATHER LEONARD,
P.C. P.O. Box 43768
Birmingham, AL 35243
Phone: (205) 977-5421
Facsimile: (205) 278-1400
E-mail: Heather@HeatherLeonardPC.Com

/s/ Jason C. Odom
Jason C. Odom
ATTORNEY FOR PLAINTIFF

OF COUNSEL:

Jason C. Odom LLC
10 East 15th Street
Anniston, AL 36201
Phone  256-238-6005
Fax  256-238-0181
Email:  JCOdom@OdomLegal.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2025, I officially filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

John D. Saxon
JOHN D. SAXON, PC
2119 3rd Avenue North, Suite 100
Birmingham, AL 35203

Jay Saxon
BAKER DONELSON
1901 6th avenue North
Suite 2600
Birmingham, AL 35203

/s/ Heather Newsom Leonard